## LUPTON a. JEWETT.

*New York Superior Court; General Term, April,* 1863.

APPEALABLE ORDER.—ATTACHMENT.—WAIVER OF APPEAL.

An order appointing an appraiser to ascertain the value of property attached, for the purpose of discharging the attachment upon the giving of an undertaking, is not appealable. It does not involve the merits or affect a substantial right, but rests wholly in the discretion of the judge to whom the application is made.

Where an order is granted upon condition of payment of costs, accepting the costs under the order is a waiver of any right to appeal from it.

Appeal from an order appointing appraisers under section 241 of the Code.

The plaintiff, in this action, Edward Lupton, issued an attachment against the property of the defendants, James C. Jewett and others, and the same having been levied, the defendants applied to the justice issuing the attachment, upon affidavit that the value of the property was less than the amount claimed by the plaintiff, for the appointment of an appraiser, in order that they might have the attachment discharged on giving security in its stead.

The motion was granted upon the payment of costs, which the defendants paid. The plaintiff now appealed.

By the Court.*—Monell, J.—This is not an appealable order. The 240th section of the Code of Procedure provides, that the defendant in the action may apply to the officer who issued the attachment to discharge the same, upon delivering to such officer an undertaking in double the amount claimed by the plaintiff in his complaint. The 241st section provides, that if it shall appear by affidavit that the property attached is less than the amount claimed by the plaintiff, the officer issuing the attachment *may* order the same to be appraised.

The object of the appraisement is to relieve a defendant who desires to discharge the attachment from the necessity of giving security in an amount greater than the actual value of the property attached. Otherwise the undertaking would have to be in double the amount of the plaintiff's claim in the action, which frequently is much beyond the value of the property taken under the attachment. It is a mode of ascertaining the true value of the property, and does not impair or affect the provisional remedy of attachment given by the Code. Nor does such an order, in any degree, involve the merits of the action, or affect a substantial right. The attachment can hold such property only as is actually seized, and the undertaking given on the discharge of the attachment stands *in lieu* of the property attached. So that, if it be double the value of the property, no substantial right of the plaintiff can be affected.

* Present, Barbour and Monell, JJ.

Vol. XIX.—21

There are analogous provisions in the Code, where the court is authorized to ascertain values for the purpose of fixing the amounts of undertakings; and it will not be pretended that an appeal from an order made for that purpose would lie. In an appeal from a judgment directing the delivery of possession of real property, there must be an undertaking, to stay execution, that the appellant will not commit waste; the amount of which undertaking must be fixed by a judge of the court. A reference for this purpose would be not only proper, but frequently necessary, to inform the mind of the judge. (*Code*, § 338.) So where the taking of an account is necessary for the information of the court, before judgment. (§ 271, subd. 2.) Orders made in these cases are not embraced among those made appealable by the Code. Another analogy is to be found in references to hear and determine the whole issues. Orders of reference in these cases, when the court had the power to make the order, have uniformly been held not to be appealable. (Bryan *a.* Brennon, 7 *How. Pr.*, 359; Dean *a.* Empire State Mut. Ins. Co., 9 *Ib.*, 69; Ubsdell *a.* Root, 3 *Abbotts' Pr.*, 142.)

The power given to appoint appraisers, leaves it entirely within the discretion of the judge or court, to whom the application is made; and the exercise of such discretion cannot be reviewed. He is the sole judge of the sufficiency of the proof upon which he makes or refuses the order.

The appeal is from the whole of the order, a part of which requires the payment of costs as a condition. I am of opinion that the plaintiff, having accepted the costs, is precluded from appealing, even if the order was an appealable order. (Radway *a.* Graham, 4 *Abbotts' Pr.*, 468.)

The appeal must be dismissed, with ten dollars costs to the defendants.