[No. 11058.    Department Two.— September 24, 1886.]

ERNEST LODTMAN ET AL., RESPONDENTS, *v.* J. S. SCHLUTER ET AL., APPELLANTS.

JUDGMENT OF DISMISSAL — SETTING ASIDE — FAILURE TO PROSECUTE — DISCRETION. — A judgment dismissing an action for want of prosecution may be set aside by the trial court upon good cause being shown therefor. Under the circumstances stated in the opinion, *held*, that the order vacating the judgment in question was not an abuse of discretion.

APPEAL from an order of the Superior Court of Stanislaus County, setting aside a judgment.

The facts are stated in the opinion.

*W. L. Dudley*, for Appellants.

*Lesser & Hall*, for Respondents.

FOOTE, C.— This action was dismissed by the court below for want of prosecution upon the motion of two of the defendants, Barnett and Burt.

Thereafter, upon motion made by the plaintiffs, and due notice thereof, the court made and entered an order setting aside and vacating its judgment of dismissal, upon the condition attached, that the plaintiffs should pay to the defendants the sum of eighty dollars. From the last-mentioned order this appeal is prosecuted.

The affidavit of merits made by the principal attorney for the plaintiffs is as follows:—

" J. M. Lesser, being duly sworn, says:—

" That he is one of the attorneys for plaintiffs, and has had full, sole, complete, and absolute charge of said action, and the only attorney of plaintiffs who has or ever had any knowledge of the action.

" That about the seventh day of June, 1884, the affiant received a letter from W. L. Dudley, announcing to him that the trial of said cause was set for June 16, 1884, which said letter is hereto attached and made a part hereof.

" ' STOCKTON, CAL., June 5, 1884.

" ' J. M. LESSER, ESQ., Santa Cruz,— *Dear Sir:* Am in receipt yours 2d inst. Last Monday, when the calendar was called in Judge Hewel's court, our Lodtman-Schluter case was set for trial, at my request, Monday, 16th inst. My clients are insisting upon a trial, and will not consent to any further delay. If they would consent to postponement, I should have no objection to comply with your request, but they will not, and therefore I hope you may arrange your engagements so as to try the case on the 16th. Truly yours,

" ' W. L. DUDLEY.'

" That affiant is a resident of Santa Cruz County, and in active practice in said county; that the first Monday in June, 1884, was the day on which causes were set for trial in the Superior Court of Santa Cruz County for the month of June, and on said day a number of cases in which affiant was attorney were set for trial and hearing; that among the cases so set for trial was the case of *Ashley* v. *Ferguson,* on which the argument was set for hearing on June 17, 1884; that in said cause of *Ashley* v. *Ferguson* a large amount of money was involved, and the same presented very intricate questions of law, and the same was under the sole control and charge of affiant; that in such action was also involved the ownership of some thirty head of horses, which were then and had been for some time in the possession of

the sheriff, thereby causing great expense to the parties litigant, and the court was anxious and desirous of hearing said cause; that the argument of said cause required careful and extensive preparation, occupying more than four days of affiant's time, and the trial thereof occupied three days, and the affiant's argument one day; that when said action of *Ashley* v. *Ferguson* was set for hearing, as aforesaid, affiant had not been informed of the time of the hearing of said action of Lodtman against Schluter, and immediately upon receiving the information he endeavored to displace the case of *Ashley* v. *Ferguson*, but the superior judge of Santa Cruz County informed the affiant that it would take its vacation on the twentieth day of June, 1884, and no business would be done in said court until August 1, 1884; that if said action of *Ashley* v. *Ferguson* was not heard on the appointed day, it would not be heard for over two months thereafter.

"That thereupon, and about one week before the sixteenth day of June, 1884, affiant wrote or telegraphed to W. L. Dudley, Esq., that it would be impossible for affiant to be in Modesto on the sixteenth day of June, 1884, and received no answer to such letter or dispatch, and affiant firmly believed that said cause would not be heard on said day last aforesaid, but that the same would be continued. Affiant also telegraphed to the judge of said Superior Court of Stanislaus County that it would be impossible for him (affiant) to attend said Superior Court on said day, and affiant having taken all those steps believed that the cause would not be tried in his absence. Affiant never received any notice of motion or any intimation that said action would be dismissed for want of prosecution.

"Affiant further states that the defendant Schluter has never been served with process in said action; that after the service on the defendants who have appeared herein, affiant took pains to find out the whereabouts of

said Schluter, and has written and caused to be written a large number of letters to find the whereabouts of said Schluter, but to all of them has received answer that Schluter cannot be found.   He has been informed within the last five months that said Schluter is confined in one of the state insane asylums, and has made inquiries relating thereto, but has not been able to obtain a definite knowledge on the subject, though he has communicated with the authorities of the various insane asylums of the state.

"Affiant further states that the only information he has had about the setting of said cause for trial is by the letter hereto attached.

"Affiant further says that plaintiffs are anxious to prosecute said action; that he has informed them, and believes that they have a good and substantial cause of action on the merits of the case.       J. M. LESSER."

By it such circumstances appear as might at least have warranted the judge in hesitating to deny the motion to vacate the judgment of dismissal for want of prosecution of the action.   In such cases this court has held it to be permissible that upon proper conditions such a judgment may be set aside.   (*Watson* v. *S. F. & H. B. R. R. Co.*, 41 Cal. 17–21.)

We do not therefore perceive that as to the case in hand the judge below abused the discretion which was vested in him by law.

The order appealed from should be affirmed

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the order is affirmed.