[No. 13888.   Department Two. — January 31, 1891.]

## SAN DIEGO FLUME COMPANY, APPELLANT, *v.* LEVI CHASE, RESPONDENT.

87 561
a129 441

WATER RIGHTS — CONSTRUCTION OF CONTRACT. — A contract for the supply of water for irrigation, construed, and *held* to entitle the defendant, daily, to two and one quarter inches of water, miners' measure, under a four-inch pressure.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Shaw & Holland,* for Appellant.

*Hunsaker, Britt & Goodrich,* and *Levi Chase,* for Respondent.

The COURT. — This action was brought for the purpose of having a contract for the sale of a water right for irrigation purposes reformed, and that it be declared that the amount of water " conveyed to and owned by the defendant be limited by said contract to two and one quarter inches of water, miners' measure, under a four-

inch pressure, and no more, and that he be entitled and required to take the same in accordance with such reasonable rules and regulations as may be established from time to time by plaintiff," and for such other equitable relief in the premises as should be proper.

The contract sought to be reformed is made a part of the complaint, and shows that plaintiff and appellant, who is the party of the first part, "contracts and agrees that the party of the second part [defendant and respondent here] shall have the right to make two connections with the said flume of said party of the first part of a two-inch pipe entering the side thereon, near the bottom. . . . . The pipe aforesaid shall be extended from the points of connection with said flume to and be connected with the pipe system of the party of the second part in said orchard, and thereafter all water drawn from said flume shall be taken and drawn from said pipes, for the purpose of irrigating, through standard pipes of not more than one and one half inch diameter, or carried through one and one half inch rubber hose, as hereafter provided; that the party of the first part will convey to the party of the second part a water right of two and one quarter ($2\frac{1}{4}$) inches of water, miners' measure, under a four-inch pressure, to be taken and used as hereinafter provided, and subject to the conditions usual with said party of the first part in the sale of water rights to other parties; that the water to be taken and had by the party of the second part under this agreement, and under and by virtue of his water rights aforesaid, shall be measured, estimated, and determined by the amount of water that he may draw from said pipes through one and one half inch iron pipe standards in his said grounds, and to be used exclusively thereon, from the first day of May to the first day of November, both inclusive, during ordinary seasons; but should an extraordinarily dry spring or fall necessitate a longer use of water for irrigation, he shall have the right to

use and take the same through said pipes in the same way as hereinbefore provided; but in that case shall pay the party of the first part an extra amount therefor, proportionate to the sum hereinafter specified to be paid by the party of the second part for the six months' use first aforesaid."

A demurrer to this complaint having been overruled, the defendant answered, admitting the contract to be as set out in and attached to the complaint, and denying all other allegations, and also filed an amended cross-complaint (a demurrer to the original having been sustained), the *gravamen* of which was, that under this contract he was entitled to have a specific performance of it, so that the effect thereof would be that he was to take and receive (through two two-inch pipes placed in the side of the flume of the plaintiff, from whence water was to be drawn, and connected with the defendant's pipe system, by which he irrigated his fruit farm) *all the water he might require for the irrigation of his said property, and for the use of the stock and persons kept or employed thereon, that he might draw from one and one half inch standard pipes in his irrigation system,* and for damages and other relief, consisting, among other things, of the restoration of the two-inch pipes connected with the flume as they had originally stood, and to remove all natural obstructions to the flow of the water in these pipes, the defendant having been limited as to the flow of water by an obstruction erected by the plaintiff at the flume so that only one and one eighth inches would flow into each of the two-inch pipes.

An answer to this cross-complaint was filed.

When the case came on for trial, the plaintiff abandoned its action for a reformation of the contract. Then the defendant moved for judgment on the pleadings in the cross-action for the specific performance of the contract as he claimed it was to be interpreted, and for nominal damages, he alleging that the plaintiff, by its

answer to the cross-complaint, had admitted all the material allegations of that pleading. This motion was sustained, and judgment entered in accordance therewith. The plaintiff appeals.

The real matter to be determined on this appeal is, how much water the defendant was entitled to, under the contract to take from the plaintiff's flume, the appellant claiming it to be only two and one quarter inches under a four-inch pressure, the respondent claiming it to be all the water he could take through his two two-inch iron pipes connected with the flume, to be distributed by means of two one and one half inch iron standard pipes.

The construction given by the trial court to the contract, as appears by its decree or judgment, is not correct.

The quantity of water which the defendant was to get from the plaintiff's flume for a certain specified sum of money was two and one quarter inches, miners' measure, under a four-inch pressure, from "the first day of May to the first day of November, both inclusive, during ordinary seasons; but should an extraordinarily dry spring or fall necessitate a longer use of water for irrigation," he is to have the right to use "and take the same through said pipes in the same way" as he took the two and one quarter inches, for a specified term, as above set forth; but in that case he must pay the plaintiff an extra amount therefor, proportionate to the sum he was ordinarily to pay for the season from the first day of May until the first day of November, inclusive. But the quantity of water to be taken was to be admeasured to him through his two two-inch iron pipes connected on his land with two one and one half inch standard pipes. The method of taking this quantity of water does not affect the amount which the first clause of the contract relating thereto fixed, unless a construction be given to that clause which will make it entirely inoperative. It reads thus: "That the party of the first part will convey

to the party of the second part a water right of two and one quarter ($2\frac{1}{4}$) inches of water, miners' measure, under a four-inch pressure, to be taken and used as hereinafter provided, and subject to the conditions usual with said party of the first part in the sale of water rights to other parties." But giving it the construction we have, it is in entire harmony with the clause following: "That the water to be taken and had by the party of the second part under this agreement, and under and by virtue of his water rights aforesaid, shall be measured, estimated, and determined by the amount of water that he may draw from said pipes through one and one half inch iron pipe standards in his said grounds." The one clause refers to the *amount* of water to be taken, the other to the manner of its taking.

Two and one quarter inches of water, miners' measure, under a four-inch pressure, it is the privilege of the defendant to take and distribute daily, as he pleases, over his land through its pipe system attached to the plaintiff's flume. And this daily quantity of water he is entitled to for the season heretofore set forth. But he is not entitled to any more during that season, except, as stated in the contract, when an "extraordinarily dry spring or fall necessitates a *longer use* of water for irrigation," when he is to get it by paying a sum of money proportionate to the sum he was ordinarily to pay for water during the season as above stated.

Judgment reversed.

A petition for a hearing in Bank having been filed, the following opinion was rendered thereon on the 25th of February, 1891: —

The COURT.— A rehearing of this cause is denied, but so much of the opinion and decision heretofore filed as limits the respondent to the use of two one and one half inch standard pipes is set aside. The contract does not limit respondent to any particular number of standard pipes in conducting his irrigation.