[No. 13242.    Department One.— May 30, 1891.]

## WILLIAM WOLFF & CO., APPELLANT, *v.* CANADIAN PACIFIC RAILWAY, RESPONDENT.

JUDGMENT BY DEFAULT — APPLICATION TO SET ASIDE — AMENDMENT — DILIGENCE. — An application to set aside a default judgment which expressly refers to and makes "all the papers and proceedings on file or of record" a part of the moving papers, and which is substantially an amendment of a former application which was on file at the hearing of the motion, by the addition of further affidavits and a proposed answer, will be so regarded, for the purpose of determining the question of diligence in the application.

ID. — DISCRETION OF TRIAL COURT — DOUBT RESOLVED IN FAVOR OF APPLICATION. — The matter of opening defaults is within the discretion of

the trial court, and where the circumstances are such as to lead the court to hesitate, the doubt will be resolved in favor of the application, so as to secure a trial and judgment upon the merits.

ID. — "REASONABLE TIME" — ASSENT TO DELAY — SIX MONTHS' LIMITATION. — The question as to what is a "reasonable time," short of the extreme limit of six months allowed by section 473 of the Code of Civil Procedure within which application may be made for relief "from a judgment, order, or other proceeding," is for the court to decide, upon all the circumstances of the case; but where a delay has been assented to by the other party, or does not appear to have been injurious to his rights, the six months' limitation should be considered as the only limit of reasonable time.

ID. — LIMIT OF APPLICATION — HEARING NOT LIMITED. — The six months' limitation prescribed by section 473 of the Code of Civil Procedure is a limitation of the time within which the application must be made, and not of the time within which it must be heard.

ID. — DISMISSAL OF FIRST APPLICATION BY MOVING PARTY — NEW APPLICATION — CONSTRUCTION OF CODE. — The dismissal of the first application without prejudice, at the request of the moving party, was not a refusal by the court, in whole or in part, to grant the application, within the meaning of section 182 of the Code of Civil Procedure, so as to bar the presenting of the new or amended application.

ID. — CONDITION OF OPENING DEFAULT — ALLOWANCE OF ATTORNEY'S FEE — REFUSAL TO ACCEPT TENDER — RIGHT OF APPEAL — SETTING ASIDE ALLOWANCE. — The refusal of the plaintiff's attorneys to accept a tender of an attorney's fee, ordered by the court to be paid to the plaintiff by the moving party as a condition of opening the default, upon the ground that its acceptance might prejudice their right to appeal from the order opening the default, does not warrant the court in vacating that portion of the order requiring the payment of the fee.

ID. — WAIVER OF RIGHT OF APPEAL — ACCEPTANCE OF MONEY. — It seems, that the acceptance by the plaintiff of the amount of the attorney's fee, imposed as a condition of opening the default of the defendant, would be a waiver of the plaintiff's right to appeal from the order.

ID. — TENDER — PERFORMANCE OF CONDITION — KEEPING TENDER GOOD. — The tender of the fee to the plaintiff's attorneys is a sufficient performance of the condition that the defendant pay to the plaintiff the fee, to preserve the rights of the defendant under the order opening the default, until its validity should be determined upon appeal; but in order to constitute it a payment, it must be kept good, and the money paid upon the affirmance of the order.

APPEAL from an order of the Superior Court of the city and county of San Francisco setting aside a judgment by default, and from an order vacating an order requiring the payment of counsel fees as a condition of setting aside the judgment.

The facts are stated in the opinion.

*O'Brien, Morrison & Daingerfield,* for Appellant.

*Edward S. Salomon,* and *Lindley & Eickhoff,* for Respondent.

VANCLIEF, C. — The appellant is a California corporation, and, as such, on June 30, 1888, brought an action in the superior court of the city and county of San Francisco against the respondent, a foreign corporation, to recover damages for an alleged failure safely to carry and deliver certain goods, the property of appellant, from New York to San Francisco.

The summons was served upon Moses M. Stern, who is described in the affidavit of service as the business agent of the defendant. Judgment by default was rendered July 16, 1888. On the following day the defendant's attorney obtained an order staying execution pending a motion to set aside the default. On July 19, 1888, the attorney for defendant gave notice of appearance in the action, and also of a motion to set aside the default and judgment on the grounds of mistake and inadvertence; and upon the following day the papers served upon the plaintiff were filed.

The hearing of the motion was postponed, from time to time, by consent of both parties, and on November 23, 1888, the motion was stricken from the motion calendar by the court, in the absence of both parties, and on motion of defendant was restored to the calendar on January 8, 1889. On January 12, 1889, the defendant, discovering that the first application was defective, filed a new application upon additional affidavits, accompanied by a proposed answer to the complaint. This application purported to be a present application to the court "to vacate and set aside the judgment heretofore entered in said action against defendant, to relieve said defendant from the default judgment and other proceedings taken against defendant in said action after the

institution thereof, and for such other and further relief as may be proper, upon the ground that such proceedings, said default, and such judgment were made in said action because of the mistake, inadvertence, surprise, and excusable neglect of said defendant; upon the further ground that such judgment was improvidently rendered; and upon the further ground that said defendant has a good and substantial defense to said action on its merits, and that the granting of said application would be in furtherance of justice." It also contained a notice, by the attorneys for defendant, " that we shall move to have the application aforesaid heard, and said relief applied for granted, at the court-room of said court and department, in the New City Hall, in said city and county, on Friday, the eighteenth day of January, 1889, at ten o'clock, A. M., or as soon thereafter as counsel can be heard. Said motion will be based upon all the papers and proceedings on file or of record in the above-entitled action, and upon the affidavits and the proposed answer of defendant herewith served and filed."

Both the original and amended applications were brought to a hearing on January 25, 1889, when plaintiff filed counter-affidavits contradicting some of the facts stated in the affidavits for defendant, and stating additional facts tending to show that the last application might have been made at an earlier date. The defendant then moved to dismiss without prejudice the first application, of which notice had been given on July 19th, and this motion was granted, against the objection of the plaintiff. The court thereupon proceeded to hear the second or amended application, and on January 25, 1889, made an order setting aside the default and judgment on the conditions that the defendant pay to the plaintiff $16.50 costs and $75 for counsel fees within ten days, and further ordering that the proposed answer filed with the application stand as the answer of the defendant.

On January 29, 1889, the seventy-five dollars for counsel fees was tendered to plaintiff's attorneys, who refused to receive the money, and at the same time gave as the reason for refusing that the right of plaintiff to appeal from the order setting aside the default and judgment might be prejudiced by accepting it. Upon an affidavit showing this tender and refusal, the court, on February 4, 1889, issued an order to plaintiff to show cause why the order of January 25th should not be modified by vacating so much thereof as directs the payment of seventy-five dollars counsel fees, which order was served February 5, 1889, but the affidavit upon which the order was made was not served with the order. The hearing upon the order to show cause was regularly continued and finally set for March 8, 1889, when, there being no appearance for the plaintiff, the court modified the order of January 25th by vacating so much thereof as required the payment of seventy-five dollars attorney's fees.

The plaintiff has appealed from both orders, and contends that inasmuch as the first application was abandoned and dismissed, the second application must stand, and be considered as if no earlier application had been made, and that it was not made within a reasonable time, because no motion was made in open court until after the expiration of six months from the date of the judgment; and that the modifying order was erroneous, for the reason that the moving affidavit was not served with the order to show cause; and that the money should have been tendered to plaintiff, and not to plaintiff's attorneys.

1. A view of the whole proceedings as disclosed by the record will show that the second application was, substantially, an amendment of the first by the addition of affidavits and a proposed answer; and for the purpose of determining the question of diligence, must be so regarded. The second application expressly refers to

and makes " all the papers and proceedings on file or of record " a part of the moving papers. The plaintiff consented to the delay of the hearing of the application as first made. There is nothing to show that the defect in the moving papers as first filed was discovered by the defendant any considerable time prior to the date of the amended application. The discovery was presumably made on the 8th of January, 1889, when the first application was restored to the calendar.

The question as to what is " a reasonable time," short of the extreme limit of six months allowed by section 473 of the Code of Civil Procedure, within which application may be made for relief " from a judgment, order, or other proceeding," etc., must depend upon the circumstances of the particular case, all of which should be considered by the court. Where a delay has been assented to by the other party, or does not appear to have been injurious to his rights, the six months' limitation prescribed by the code should be considered as the only limit of reasonable time. In the matter of opening defaults, much is confided to the discretion of the trial court. (*Dougherty* v. *Nevada Bank*, 68 Cal. 275; *Chamberlin* v. *County of Del Norte*, 77 Cal. 151.) And where the circumstances are such as to lead the court to hesitate, it is better to resolve the doubt in favor of the application, so as to secure a trial and judgment upon the merits. (*Watson* v. *S. F. & H. B. R. R. Co.*, 41 Cal. 17; *Cameron* v. *Carroll*, 67 Cal. 500; *Lodtman* v. *Schluter*, 71 Cal. 94.)

The application having been made within six months after the judgment, and within a reasonable time, the jurisdiction of the court to hear and determine it could not be lost by the expiration of the six months before the hearing. The limitation prescribed by section 473 of the Code of Civil Procedure is a limitation of the time within which the *application must be made*, and not upon the time within which it must be heard or determined.

(*Conklin* v. *Johnson*, 34 Iowa, 266.) The dismissal of the first application without prejudice, at the request of defendant's counsel, was not, under the circumstances, a refusal by the court, in whole or in part, to grant the application, in the sense of section 182 of the Code of Civil Procedure.

2. But I think the court erred in vacating that portion of its former order requiring the payment of seventy-five dollars to plaintiff as a condition of opening the default. Having, in the proper exercise of its discretion, imposed this condition, it should not have been revoked on the showing made, which was, that plaintiff's attorneys declined to accept the money for the mere reason that they feared that such acceptance might prejudice the right of plaintiff to appeal from the order opening the default. Under the circumstances, the court might, perhaps, have required the defendant to deposit the money in court to abide the event of the proposed appeal; for plaintiff's attorneys may well have doubted as to the effect of their acceptance of the tender upon their right to appeal. (*Cogswell* v. *Colley*, 22 Wis. 399; *Radway* v. *Graham*, 4 Abb. Pr. 468; *Lupton* v. *Jewett*, 19 Abb. Pr. 320.)

The tender to plaintiff's attorneys, however, was a sufficient performance of the condition to preserve the rights of the defendant under the order opening the default until the question of its validity should be determined. But in order to constitute the tender a payment, it must be kept good, and the plaintiff is entitled to receive the amount tendered upon the affirmance of the order setting aside the default judgment.

I think the order of January 25, 1889, setting aside the judgment by default upon the conditions therein stated should be affirmed, and that the order of March 8, 1889, vacating so much of the order of January 25th as requires the payment of seventy-five dollars for counsel fees should be reversed.

Foote, C., and Fitzgerald, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the order of January 25, 1889, setting aside the judgment by default upon the conditions therein stated is affirmed, and the order of March 8, 1889, vacating so much of the order of January 25th as requires the payment of seventy-five dollars for counsel fees is reversed.