## SAN DIEGO FLUME CO. v. CHASE.*

### No. 19,083; February 14, 1893.

#### 32 Pac. 245.

**Contracts—Parol Evidence to Explain.**—Where a contract has been interpreted on an appeal to this court, such contract is not ambiguous or uncertain, and on a new trial parol evidence cannot be introduced to show the intention of the parties, under Civil Code, section 1649, and Code of Civil Procedure, section 1864, authorizing parol evidence in cases of doubtful and ambiguous contracts, for these sections do not apply when the courts are able to declare the true intent of the parties.

APPEAL from Superior Court, San Diego County; George Puterbaugh, Judge.

Action by the San Diego Flume Company against Levi Chase for the reformation of a contract. From the judgment, defendant appeals. Affirmed.

*For former opinion, see 87 Cal. 561, 25 Pac. 756, 26 Pac. 825.

Levi Chase and Hunsaker, Britt & Goodrich for appellant; Shaw & Holland for respondent.

TEMPLE, C.—This is an appeal from the judgment, with a bill of exceptions, and is the second appeal in the case: See 87 Cal. 561, 25 Pac. 756, and 26 Pac. 825. The nature of the case, and most of the facts necessary for understanding it, are there stated. As stated, the action was brought to have a contract reformed to accord with the alleged intention of the parties, which, it was averred, was to sell two and one-quarter inches of water, miners' measure, under a four-inch pressure, whereas, by the fraud of defendant, the contract was so drawn as to entitle defendant to all the water which would run through two connections of a two-inch iron pipe, entering the side of plaintiff's flume near the bottom, to be carried through one and one-half inch standard pipes. The defendant answered, and filed a cross-complaint asking for a specific performance of the agreement, and a restoration of the pipes which had been removed by plaintiff, etc. Upon the first trial he had judgment, and the plaintiff appealed to this court, when it was held that the contract meant, and could only mean, without rendering some part of it inoperative, that "two and one-quarter inches of water, miner's measure, under a four-inch pressure, it is the privilege of the defendant to take and distribute daily, as he pleases, over his land, through his pipe system attached to plaintiff's flume." It was also said of the two provisions, one in regard to the pipes, and the other in regard to the quantity of water: "The one clause refers to the amount of water to be taken; the other, to the manner of taking." After the remittitur was filed in the lower court, the defendant, on due notice, asked leave of the court to amend his cross-complaint by adding thereto an allegation to the effect that at the time the contract was executed both parties understood, and plaintiff knew that defendant understood, that the true interpretation of the contract was that defendant was entitled to have all the water he might need for uses specified, and might draw from the pipes, regardless of the amount that might be required, and was not limited to two and one-quarter inches mentioned as a water right. Leave to so amend was refused, and defendant excepted. Evidence was offered at the trial to prove the

facts stated in the proposed amendment. The evidence was rejected, and defendant again excepted. Whether these rulings were correct is the question on this appeal.

These rulings are attacked as a violation of section 1649 of the Civil Code, and section 1864 of the Code of Civil Procedure. These two sections seem intended to accomplish the same purpose, although expressed in different words; and if they authorize the introduction of parol evidence to ascertain the intention of the parties, where the contract is ambiguous or uncertain, this does not mean whenever the proper interpretation of a contract is a difficult matter, or one about which men may differ. They are qualified by section 1639 of the Civil Code and section 1859 of the Code of Civil Procedure. If, after a full consideration, with a full knowledge of the surrounding circumstances, the court is able to declare with certainty what the intention of the parties was, from the writing itself, no matter how difficult the task may be, it is not ambiguous or uncertain, within the meaning of the rule, and the court cannot, as it is said, travel outside the four corners of the instrument. That the instrument in question here can be so interpreted is manifest from the fact that its meaning was clearly ascertained and determined by this court. That counsel have held different views, or courts have otherwise decided, or have held divers views upon the subject, does not tend even to establish such ambiguity or uncertainty. No matter how much this court may have doubted what the true construction ought to be, if finally satisfied that the intent can be certainly ascertained from the writing, parol evidence cannot be introduced, as to the intention of the parties, on the ground that its terms are ambiguous or uncertain.

I concur: Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.