Reese *v.* Mahoney.

---

# REESE *v.* MAHONEY.

VERBAL stipulations with reference to proceedings in pending actions cannot be regarded except so far as they are admitted by the parties against whom they are sought to be enforced.

*Patterson* v. *Ely* (19 Cal. 35) affirmed on this point.

A defendant who, having suffered a default, has obtained from the plaintiff a stipulation that the default may be set aside, must use reasonable diligence in applying to the Court for the relief contemplated, or his right to it will be lost. An unexplained delay of seven years in making the application will justify the Court in refusing to enforce the stipulation.

Reese *v.* Mahoney.

An application to open a default must be accompanied by some showing of merits. In the absence of such showing it will be denied.

APPEAL from the Twelfth Judicial District.

This was an action of ejectment to recover certain lots in San Francisco brought against the appellants, David and Dennis Mahoney, and ten others. The complaint was filed Oct. 31st, 1854, and summons was served on all the defendants early in November following. Only two of the defendants answered; the others, including appellants, making default, the entry of which was made, on motion of plaintiffs, November 27th, 1854.

Two trials were subsequently had upon the issues raised in the answers of the defendants who had appeared, in each of which the jury disagreed, and the cause was on the calendar for trial again in September, 1861, at which time the appellants appeared and moved to open the default entered against them, and for leave to answer. The motion was supported by a statement of facts made by the counsel of the appellants, and admitted to have the force of an affidavit, and was resisted by a counter statement, admitted to have like effect, made by the counsel for plaintiff.

The material facts in these statements sufficiently appear in the opinion of the Court. That on the part of defendants contained nothing showing that they had any defense to the action on the merits. The motion was denied and a judgment subsequently entered against the defendants, including the appellants, for the recovery of the premises without damages. From this judgment, and from the order denying the opening of the default, the appeal is taken.

*Sol. A. Sharp,* for Appellants.

The default having been taken at the plaintiff's instance, and in violation of his agreement with the defendant, Dennis Mahoney, and the plaintiff having the authority to open this default, cannot complain that the defendant was guilty of laches in not applying to the Court on his return to the State. The violation of the agreement by the plaintiff, was a wrong of which he could take no advantage.

Until he had this default set aside, and thereby restored the

defendant to his rights under the agreement, the defendant was not obliged to take any action in the matter. He was not obliged to enforce through the Court what the plaintiff had agreed and had the power to do.

*Hall McAllister*, for Respondent.

I. As the alleged agreements with the Mahoneys were all verbal, they can only be regarded and enforced to the extent that they are admitted by the plaintiff, and especially should this be so in reference to a verbal promise alleged to have been made in November, 1854, never in any way recognized by the party against whom it is now invoked, and set up for the first time in September, 1861— nearly seven years after it is alleged to have been made. (*Patterson* v. *Ely*, 19 Cal. 35.)

II. A fatal defect in the applications of both the Mahoneys to vacate their defaults, is the absence of any averment of merits.

There is no allegation, or even suggestion, anywhere that the Mahoneys, or either of them, have a defense to the action, or a title to the premises in dispute, or that the plaintiff's title is imperfect, or that any injustice will be done by maintaining the defaults.

An affidavit of merits is absolutely essential in an application to vacate a default. Upon this point the authorities are unanimous. (*Patterson* v. *Ely*, above cited; *Chase* v. *Swain*, 9 Cal. 130; *Harlan* v. *Smith*, 6 Id. 174; *Allen* v. *Thompson*, 1 Hall, 54.)

III. The granting or refusing a motion to set aside a default, and for leave to answer, rests in the sound discretion of the Court, and its rulings will not be revised; except for the most cogent reasons, nor unless it affirmatively appear that injustice has been done. (*Musgrove* v. *Perkins*, 9 Cal. 211; *Turner* v. *Morrison*, 11 Id. 21; *Pilot Rock Creek Canal Co.* v. *Chapman*, Id. 161; *Broadus* v. *Nelson*, 16 Id. 79.)

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

The motion to open the default entered against the defendants, David and Dennis Mahoney, and to allow them to answer to the complaint, was properly denied. Their default was entered in

November, 1854, and the motion was made in September, 1861—nearly seven years afterwards. The delay in the motion is attempted to be explained by the existence of an alleged verbal stipulation of the plaintiff, that the default should be set aside, and the pendency of negotiations for a settlement until within a few days previous. It is also alleged in support of the motion, on the part of defendant, Dennis Mahoney, that the process in the case was served upon him in 1854, on board of a steamer, as he was about leaving for the Eastern States, and that the plaintiff, who was present at the time, stated to him that he might answer upon his return, and that no default should be taken against him. He returned in about a year afterwards.

It appears, from the statement made on the part of the plaintiff, that the stipulation, so far as the default of David Mahoney is concerned, was made in 1855, upon the understanding that the suit was to be settled pursuant to a verbal agreement of compromise, which, for years afterwards, the defendant promised to carry out, but finally refused to perfect.

Verbal stipulations with reference to proceedings in pending actions cannot be regarded, except so far as they are admitted by the parties against whom they are sought to be enforced. This rule is necessary to avoid endless disputes. (*Patterson* v. *Ely*, 19 Cal. 35.) But if the rule were otherwise, the stipulations would not have aided the motion. The one given to Dennis Mahoney in November, 1854, if not adhered to, should have been made the ground of an application to the Court within a reasonable time after his return from the Eastern States in 1855. The Court very properly refused to listen to complaints that this stipulation had been violated nearly seven years before. And it was too late for David Mahoney, after neglecting to act upon the stipulation given to him until 1861, to ask that it then be enforced.

The motion was also properly denied on another ground. There was no allegation of merits on the part of either of the Mahoneys. It nowhere appears that they have any title to the property or defense to the action, or that the judgment entered against them is in any respect unjust.

Judgment affirmed.