TIMOTHY L. HOWE AND JONAS S. SIMPSON *v.* THE INDEPENDENCE CONSOLIDATED GOLD AND SILVER MINING COMPANY.

ORDER VACATING A JUDGMENT ENTERED BY DEFAULT.—An order vacating a judgment entered by default and allowing a defendant to answer, will not be disturbed by the appellate Court except in cases of gross abuse of discretion by the Court below.

COSTS ON VACATING JUDGMENT.—An order vacating a judgment entered by default, and allowing the defendant to answer, should require the payment of previous costs as a condition of setting aside the judgment.

APPEAL from the District Court, First Judicial District, Los Angeles County.

This was an action for the recovery of money alleged to be due for work and labor. The defendant demurred, the demurrer was overruled, and ten days were given to answer. The ten days having expired, and no answer having been filed, on application of plaintiff, the Clerk entered judgment by default against the defendant.

The defendant moved the Court to vacate the judgment, and to be allowed to answer, and upon the hearing of the motion, used the following affidavits:

"Personally appeared E. S. Roberts, one of the defendants in the above stated case, and Secretary of said company, who being duly sworn, makes oath and says: That the defendants in the above stated case have a meritorious defense to said action, in this, that it is a suit on a contract for sinking a shaft or incline, and that plaintiffs did not comply with the terms of said contract, and are not, therefore, entitled to recover, as he is advised by his counsel, V. E. Howard, to whom he has fully stated the case and the facts thereof.

                              "E. S. ROBERTS."

"Personally appeared V. E. Howard, who being duly sworn, makes oath and says: That he is attorney for the defendants in the above stated case; that he is informed and believes that the defendants have a meritorious defense of the same, the suit being on a contract for sinking a shaft or incline, and the defense, non-compliance with the contract.

"That at a former day of this term a demurrer to the complaint in this case was overruled, and leave to answer in ten days; that said time having expired, plaintiffs took judgment by default on Monday last, and after the case was set for trial.

"Affiant states that during the present term he has been very much pressed for time, having to discharge his duties as District Attorney, besides attending to all his civil business, without any one to aid him—C. V. Howard, his associate in business, having been all the time absent in San Francisco; that consequently he has had many things on his mind demanding his attention, and much writing and labor. That this case being set for trial, affiant had adopted the erroneous idea that an answer had been filed. Affiant states that plaintiffs have not been injured by his failure to file an answer, as the case could not have been tried, and an answer can now be filed before the case can be reached on the docket. This affidavit is not made for delay, but that justice may be done in the premises.                         V. E. HOWARD."

The Court vacated the judgment and gave defendant leave to answer, and plaintiff appealed from the order.

*Gitchell & Chapman,* for Appellants, cited *Haight* v. *Green,* 19 Cal. 119; 19 Cal. 605; *Elliott* v. *Shaw,* 16 Cal. 377; *Smith* v *Billett,* 15 Cal. 23 ; and *Harlan* v. *Smith,* 6 Cal. 173.

*V. E. Howard,* for Respondent.

By the Court, SANDERSON, C. J.

Orders of the Court below upon applications made under the sixty-eighth section of the Practice Act will not be disturbed by this Court except in cases of gross abuse, where the power of the Court has been exercised in a manner which is calculated to defeat rather than advance the ends of justice, which, in our judgment, has not been done in the present case.

The order, however, is erroneous in not imposing the payment of previous costs as a condition of setting aside the judgment. In such cases the payment of costs is expressly required by the statute, and the order must be modified accord-

ingly.   Thus modified, the order will be allowed to stand, but the respondents must pay the costs of this appeal.

Ordered accordingly and the cause remanded for further proceedings.