[No. 2,292.]

## WILLIAM S. WATSON v. SAN FRANCISCO AND HUMBOLDT BAY RAILROAD COMPANY.

PLEADING—SEVERAL CAUSES OF ACTION NOT TO BE UNITED.—The several causes of action upon which a party relies must be set out with directness and precision, the amount due upon each cause of action being separately stated.

DEFAULTS.—Applications to open defaults are addressed to the legal discretion of the Court.

IDEM.—As a general rule, when the circumstances are such as to lead the Court to hesitate upon a motion to open a default, it is better to decide in favor of the application.

TERMS ON OPENING DEFAULT.—In opening a default, terms and conditions ought generally to be imposed, which should be more or less severe, as the circumstances seem to warrant.

WHEN DEFAULT SHOULD BE OPENED.—Where a defendant has been misled by an incorrect publication of the time the suit was commenced, in a printed sheet containing information of Court proceedings, on which the business community generally relied, the default should be opened.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

The complaint alleged as follows: "That defendant is a corporation duly organized, incorporated, and existing under and by virtue of the laws of the State of California. That said defendant is indebted to this plaintiff in the sum of

CAL. REPS. XLI—3

four thousand nine hundred and seventy-three dollars and sixty-two cents, balance due for the work and labor, care and diligence and attendance by said plaintiff made, performed, bestowed, and given in and about the business of the said defendant, and for and at the special instance and request of said defendant; and for money by said plaintiff paid, laid out, and expended to and for the use of, and in and about the business of the said defendant, and for his benefit and use, and at his like special instance and request, from the 4th day of March, A. D. 1868, until the 4th day of December, A. D. 1868, in the City and County of San Francisco, State of California, and in the cities of the Atlantic States, in advocating 'and urging upon the Congress of the United States the passage of an Act by said Congress granting certain lands to said defendant for the purpose of aiding said defendant in the construction of the road, as set forth in the articles of incorporation; and, also, in negotiating and making provisions for the purchase and delivery of the necessary iron and rolling stock for said defendant. That there remains a balance due this plaintiff from said defendant, for said work and labor, care and diligence and attendance so made, performed, bestowed, and given, and for said sums of money so paid, laid out, and expended, the sum of four thousand nine hundred and seventy-three dollars and sixty-two cents. That said plaintiff has presented his said account to the said defendant for payment, and payment has been refused."

The other facts are stated in the opinion.

*O. H. Spencer,* for Appellant.

As to what constitutes a legal and sufficient excuse to avoid a judgment by default, we have no direct authority; but as to what does not constitute a sufficient excuse, we respectfully refer to *Chase* v. *Swain,* 9 Cal. 136; *Elliott* v. *Shaw,* 16 Cal. 377. We are aware that this Court has repeat-

edly held, that orders like the present rest very much in the discretion of the Court below. "The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. * * * In a plain case, this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates." (*Bailey* v. *Taaffe,* 29 Cal. 424.)

*Daingerfield & Olney,* for Respondents.

We assume as axioms, that Courts should perform their duties, and that it is the object of law to administer justice. Courts will, therefore, in all cases, where a discretion is left them, so administer, or use that discretion that substantial right may be done between litigants. If, then, in the case under consideration, substantial justice has been done, and the appellant has suffered no wrong, this Court will not reverse the judgment.

Where a judgment is set aside under the sixty-eighth section of the Practice Act, and a party permitted to come. in and defend, the Supreme Court will not interfere, unless there was a clear abuse of discretion in the Court below. (*Roland* v. *Kreyenhaghen,* 18 Cal. 455; *Mulholland* v. *Heyneman,* 20 Cal.) In setting aside a judgment, the Court below will use its own discretion, and this Court will not interfere, unless in case of gross abuse. (*Woodward* v. *Backus,* 20 Cal. 137.) The order will not be vacated unless the discretion has been grossly abused. (*Howe* v. *Independent Co.,* 27 Cal. 72.)

By the Court, WALLACE, J.:

The complaint in this case is directly within the objections pointed out in *Buckingham* v. *Waters,* 14 Cal. 147, for it is a jumble of several causes of action in one count. It

does not allege, for instance, how much of the four thousand nine hundred and seventy-three dollars sued for was owing to the plaintiff for his own work and labor bestowed upon the business of the defendant, nor how much was paid out for the use of the defendant in California; nor yet, how much was expended on the Atlantic side, "in advocating and urging upon the Congress of the United States the passage of an Act by said Congress, granting certain lands to said defendants;" etc.   More directness and precision in pleading these matters seems to be required by the code, as interpreted by this Court.

The defendant is a corporation, and the summons was served on its Secretary, August twenty-fourth.   The fourth day of September following would be the first day upon which default could be taken for want of an answer.   On that day default was entered and final judgment demanded, and on the same day an application was made by the defendant to open the default.   This was allowed upon condition that the defendant should pay the plaintiff twenty dollars, and also make answer within five days.   From this order this appeal is taken by the plaintiff.   Applications of this character are addressed to the discretion—the legal discretion—of the Court in which the default has occurred, and should be disposed of by it as substantial justice may seem to require.   Each case must be determined upon its own peculiar facts, for perhaps no two cases will be found to present the same circumstances for consideration.   As a general rule, however, in cases where, as here, the application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the Court ought to incline to relieve.   The exercise of the mere discretion of the Court ought to tend in a reasonable degree, at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the Court to hesitate

upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application. In connection with its allowance, terms and conditions ought generally to be imposed upon the party in default, which, of course, should be more or less severe as the particular circumstances would seem to warrant.

In this case, as we have already seen, the defendant was required, as a condition of opening. the default, to pay the plaintiff a fixed sum of money, and also to plead issuably within five days.

Upon such an appeal as this the only question for us is, whether or not the . Court below abused its discretion in opening the default. If there is no showing of facts whatever in support of the application, an order granting it will be reversed, as was done in *People* v. *O'Connell*, 23 Cal., 282. In the case at bar, it appears that the Secretary of the defendant was misled by an incorrect publication of the time of the commencement of the suit, appearing in a printed sheet regularly issued, and containing information of Court proceedings relied upon by the business community in the City of San Francisco, and which had always been theretofore found to be "invariably accurate."

If this sheet had been correct in fact, then the defendant had the whole of the fourth day of September in which to answer. It was on that day that the default was entered, and on that day, too, that application for relief was promptly made by the defendant.

Upon these facts, in view of the statement of a meritorious defense to the action and the conditions imposed upon the defendant, we cannot say that the Court below abused its discretion in opening the default.

Order affirmed.

Mr. Justice SPRAGUE did not express an opinion.