[No. 9748.   Department One.—September 26, 1885.]

J. S. CAMERON, EXECUTOR, ETC., RESPONDENT, *v.* JOHN H. CARROLL, APPELLANT.

JUDGMENT—SETTING ASIDE— ABSENCE OF ATTORNEY—DISCRETION.—It is not an abuse of discretion for a trial court to set aside a judgment by default rendered in the absence of the plaintiff and his attorney, when the latter resided at a considerable distance from the place of trial, and had reason to believe that the case would not be tried at the time it was taken up.

APPEAL from an order of the Superior Court of Sacramento County setting aside a judgment by default.

The facts are stated in the opinion.

*Robert T. Devlin,* for Appellant.

*Chipman & Garter, W. H. Beatty,* and *S. C. Denson,* for Respondent.

Belcher, C. C. — This is an appeal from an order setting aside a judgment rendered in the absence of the plaintiff and his attorneys. The motion to set aside the judgment was made under section 473 of the Code of Civil Procedure, and was granted on condition that the plaintiff pay to the defendant the sum of $100 within ten days. The defendant excepted. The only question is, did the court abuse its discretion in making the order?

After reading the affidavits presented we cannot say that there was any abuse of discretion. The case was at Sacramento, and the plaintiff's attorneys resided at Red Bluff and supposed, and we think not without reason, that the case would not be tried at the time it was taken up. (*McKinley* v. *Tuttle*, 34 Cal. 235.)

"The exercise of the mere discretion of the court ought to tend, in a reasonable degree, at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application." (*Watson* v. *S. F. & H. B. R. R. Co.* 41 Cal. 20.)

The order should be affirmed.

Searls, C., and Foote, C., concurred.

The Court. — For the reasons given in the foregoing opinion the order is affirmed.

Hearing in Bank denied.