[No. 9133.    Department One. — December 28, 1885.]

PETER DOUGHERTY, APPELLANT, v. NEVADA BANK OF SAN FRANCISCO, RESPONDENT.

DEFAULT — SETTING ASIDE — DISCRETION.— It is a matter of legal discretion to grant or refuse a motion to open a default, and in the absence of an abuse of such discretion, the action of the court will not be reversed.

ID. — ABSENCE FROM TRIAL — MISTAKE OF ATTORNEY. — It is not an abuse of discretion for the court to set aside a judgment by default obtained during the absence of a party and his attorney from the trial, if such absence was due to the excusable mistake of the attorney as to the time set for trial.

APPEAL from an order of the Superior Court of the city and county of San Francisco vacating a judgment.

The facts are stated in the opinion.

*J. C. Bates*, for Appellant.

*W. H. L. Barnes*, for Respondent.

FOOTE, C.—This is an appeal from an order vacating a judgment obtained against the defendant, in its absence, and that of its counsel.

The notice that a motion would be made to set aside the judgment stated the ground thereof to be "that the same was rendered improvidently, and that the defendant has a good and substantial defense to said action on its merits."

J. C. Flood made an affidavit, which was duly served, filed, and read in support of the motion, which, among other things, contained this statement, "that he is an officer, to wit, the president, of the said defendant in the above-entitled action; that he has fully and fairly stated the case in said action to W. H. L. Barnes, Esq., his attorney and counselor, residing in said city and county, his office being 426 California Street therein, and after such statement he is advised by his counselor and verily believes that he has a good and substantial defense on the merits to said action."

F. V. Bell, the managing clerk of W. H. L. Barnes, Esq., who seems to have attended to the matter in hand for his principal, made affidavit, which showed that the plaintiff had not been active in bringing the cause on for trial, but the defendant had; that by a mistake this cause did not appear upon the calendar on the day set for its trial; and that, intending to serve a second notice to set the case for trial at another day, supposing the first notice had been mislaid by the clerk of the court, he found that judgment had already been entered. That he had no knowledge of any day having been set for the trial of this cause, other than the date mentioned in the notice he had given, and therefore could not and did not appear. That he was familiar with the case, and verily believes the defendant has a good and substantial defense on the merits of said action.

This court has often held that it is within the legal discretion of a trial court to grant motions to open defaults, or the contrary, and that in the absence of an abuse of such discretion, by that tribunal, its action should not be reversed.

It has even said this, speaking of the province of a trial court: "When the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application." (*Watson* v. *S. F.*

*& H. B. R. R. Co.,* 41 Cal. 17; see also *Woodward* v. *Backus,* 20 Cal. 138.)

In the case in hand, it seems to us that the judge below, from the affidavits, might reasonably have inferred that the attorney of the defendant was taken by surprise, and that the judgment was obtained through his excusable neglect; that the defendant had a meritorious defense, and had been so informed by counsel. It may be that, strictly speaking, those affidavits might have been more technically and nicely drawn; and such is the better practice, but it is not always possible.

The court below exercised a reasonable and legal discretion, and did so in consonance with the heretofore expressed opinions of this court, that section 473, Code of Civil Procedure, should be liberally construed to meet the ends of justice; and we are of opinion that its order in the premises should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.

Hearing in Bank denied.