[No. 11249.   Department Two. —January 29, 1886.]

# M. BYRNE, APPELLANT, *v.* ANTONIO ALAS ET AL., RESPONDENTS.

EJECTMENT AGAINST INDIANS — DEFAULTS OF DEFENDANTS — MOTION TO VACATE. — The action was brought to recover the possession of certain land. The defendants, against whom defaults were taken, are Mission Indians, and by themselves and their ancestors have occupied the land for many years before the commencement of the action. They are very ignorant and helpless, totally unacquainted with judicial proceedings, and with few exceptions incapable of speaking the English language. *Held*, that a motion to vacate the defaults was properly granted.

ID. — AFFIDAVIT OF MERITS — COUNSEL MAY MAKE. — In such a case the affidavit of merits used on the motion may be made by the counsel of the defendants.

APPEAL from an order of the Superior Court of San Diego County vacating certain defaults.

The facts are stated in the opinion of the court.

*A. B. Hotchkiss,* for Appellant.

*Wells, Van Dyke & Lee,* for Respondents.

THORNTON, J.—This is an appeal from an order vacating a default. The case is a very peculiar one in its facts. The action is ejectment to recover land from Mission Indians, whose ancestors and the defendants have occupied the land for a long period,—much more than five years before the commencement of the action. They are very ignorant and helpless, totally unacquainted with our modes of judicial proceedings, and are utterly incapable of attending to their interests, if they have any, in regard to the land in controversy. The defendants are ignorant of the English language, with perhaps one or two exceptions. The above facts appear by affidavit. Under these circumstances, we do not think a very rigid rule should be applied to them on the question of default. The affidavit of merits, though made by their counsel, we think, owing to the ignorance of the defendants, should be received as sufficient. There is reason to believe that none of the defendants could state the facts in relation to their connection with the land, and if they had any title, would be capable of explaining it. Under these circumstances, we cannot say that the court below erred in vacating the default, and in allowing the defendants to answer and set up such title as they have, that the question may be deliberately determined on a trial had according to law.

The order is therefore affirmed.

Ordered accordingly.

SHARPSTEIN, J., and MYRICK, J., concurred.