[No. 19244.   Department One.—November 25, 1893.]

## GLENN WILL, APPELLANT, v. THE LYTLE CREEK WATER CO., RESPONDENT.

VACATING JUDGMENT BY DEFAULT—DISCRETION OF COURT—MISTAKE OF STENOGRAPHER—MISNOMER OF CORPORATION DEFENDANT—DILIGENCE. The court has discretion to grant a motion to set aside a judgment by default, because of a mistake made by the stenographer of the attorney for the defendant, in writing the defendants corporate name in the title to a demurrer, so as to express the name of a different corporation having partly the same name with the defendant, which mistake was not discovered until two or three days after the entry of the default, whereupon the defendant, without laches, moved promptly to have the default set aside.

ID.—AFFIDAVIT OF MERITS.—An affidavit of merits upon a motion to set aside a default which states that the affiant is personally familiar with the facts connected with the transactions upon which the action is brought; that he knows of his own knowledge of facts which constitute a full, meritorious and legal defense to the action, and that the defendant has a complete defense thereto, is sufficient.

ID.—AFFIDAVIT BY COUNSEL.—An affidavit of merits upon a motion to set aside a default is not objectionable on the ground that it is made solely by counsel for the defendant.

APPEAL from an order of the Superior Court of San Bernardino County setting aside a default judgment.

The facts are stated in the opinion of the court.

*Willis & Cole*, for Appellant.

*Walter Bordwell*, for Respondent.

PATERSON, J.—This is an appeal from an order setting aside a judgment upon default.

Within the time allowed by law for answering, the attorney for the defendant herein filed a demurrer to the complaint, but this demurrer was entitled *Glenn Will* v. *The Lytle Creek Water and Improvement Company*. It appears that the mistake was made by the attorney's stenographer, and that there is a corporation named the Lytle Creek Water and Improvement Company. The mistake was not discovered until two or three days after the default was entered, but defendant moved promptly to have the default set aside. As there

was no laches, and the mistake was a very natural one, we think that the court did not abuse its discretion in granting the motion.

The affidavit of merits was sufficient. Although made by the attorney of the defendant, it is stated therein that the affiant is personally familiar with the facts connected with the transactions upon which said action is brought; that affiant knows of his own knowledge of facts which constitute a full, meritorious and legal defense to said action, that the defendant has a complete defense to said action. It cannot be said, as claimed by appellant, that it is impossible for this statement to be true. The affiant may have had satisfactory evidence, written and oral, that the claim of the plaintiff's had been entirely settled and paid off, if any ever existed.

The affidavit is not objectionable on the ground solely that it was made by counsel for the defendant. (*Byrne v. Alas*, 68 Cal. 479.)

The order is affirmed.

Garoutte, J., and Harrison, J., concurred.