[No. 18455.   Department One.—July 22, 1895.]

W. D. GRADY, RESPONDENT, v. M. J. DONAHOO ET AL., APPELLANTS.

VACATION OF JUDGMENT — TRIAL WITHOUT NOTICE — SURPRISE AND EXCUSABLE NEGLECT—REMOVAL OF ATTORNEY FROM COUNTY.—A motion by the defendants to vacate and set aside a judgment rendered against them, without notice of trial, upon the ground of surprise and excusable neglect, should be granted, and the defendants should be given an opportunity to defend upon the merits, where it appears that the attorney who had been retained in the case removed from the county, and, before going, took reasonable precaution to give notice to his clients of the fact of his removal and the necessity of procuring other counsel, but, through the inadvertence of an employee of defendants, knowledge of the fact of such removal did not reach the defendants until after the trial, and it appears that the case was not neglected by them, and they were proceeding to defend it in good faith and upon the merits; but, owing to the removal of their attorney, and in his absence, and without his knowledge or the knowledge of the defendants, the case was set down for trial and tried, and a judgment rendered against the defendants, and the application to set it aside when the facts were discovered was made promptly and so soon after the default that no considerable delay or injury was caused to the plaintiff.

ID.—DISCRETION—TRIAL UPON MERITS—DOUBT TO BE RESOLVED IN FAVOR OF APPLICATION.—The exercise of the mere discretion of the court ought to tend in a reasonable degree to bring about a judgment on the very merits of the case, and, where the circumstances are such as to lead the court to hesitate upon the motion to open a default, it is better, as a general rule, that the doubt should be resolved in favor of the application.

APPEAL from a judgment of the Superior Court of Fresno County and from an order refusing to vacate it. J. R. WEBB, Judge.

The facts are stated in the opinion of the court.

*Sayle & Caldwell,* for Appellants.

*W. A. Grady,* for Respondent.

VAN FLEET, J.—Defendants failed to appear at the trial, and judgment was taken against them in their absence. They moved to vacate and set it aside immediately upon learning of the fact, upon the ground of surprise and excusable neglect. The motion was denied, and defendants appeal from the judgment and the order refusing to vacate it.

It appeared that one D. M. Seaton had been retained by defendants as their attorney in the case, and he had put in an answer, but thereafter, and before the case was set for trial, Seaton removed from Fresno, where the parties reside and the case was pending, to San Francisco. Before leaving Fresno Seaton took his office copies of pleadings and papers in the case, and the papers in several other matters in which he was acting as attorney for the defendants, to the place of business of the latter, and, none of the defendants happening to be in at the time, he delivered all the papers, which were in one large bundle, to the book-keeper of defendants, with the statement, among other things, that he was about removing to San Francisco and that defendants would have to get another attorney to attend to this case and the other matters. The book-keeper, being busy at the time, did not pay particular attention

to what was said by Seaton, but, knowing that the latter had a short time before been requested to return some papers called the "Donahoo papers," he assumed that the bundle handed him was the papers in the Donahoo estate which had been wanted, and later, when Mr. Emmons, a member of the firm and one of the defendants, came in, handed the bundle to the latter with the remark that they were the Donahoo papers left by Mr. Seaton, but did not deliver Seaton's message about the case or the latter's intention to leave Fresno. Mr. Emmons, not having immediate use for the Donahoo papers, did not open the bundle, but laid it away and paid no further attention to it.   Subsequently, after the removal of Seaton, and in his absence and without his knowledge or that of defendants, the case was set down for trial and was thereafter tried, and a judgment rendered against defendants before the latter knew that the case had been set or that Seaton had ceased to attend to it.

Upon these facts we think the lower court should have set aside the judgment.   It is not a case disclosing neglect or omission on the part of either counsel or party, nor any one connected with the case.   The attorney had taken at least reasonable precaution to bring notice to his client of the fact of his removal and the necessity of procuring other counsel, but, through the inadvertence or neglect of an employee of defendants, for which we think they were, under the circumstances, in no way chargeable, knowledge of the fact never reached them.   It does not appear that the case had ever been neglected by defendants in any way, but they were proceeding to defend it in good faith and upon the merits, and had done all that they were called upon to do, so far as knowledge of the necessities had been conveyed to them.   Under such circumstances, and where, as here, the application is made so immediately after the default as that no considerable delay or injury is to be occasioned to plaintiff, we think defendants should be given an opportunity to defend upon the merits.

" The exercise of the mere discretion of the court ought to tend, in a reasonable degree, at least, to bring about a judgment on the very merits of the case, and, where the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application." ( *Watson* v. *San Francisco etc. R. R. Co.*, 41 Cal. 17.) In *Dodge* v. *Ridenour*, 62 Cal. 263, the facts fell very far short of making as strong a showing for relief as is made here, but the order refusing it was reversed, the court holding that the case was within section 473 of the Code of Civil Procedure. We think this such a case. The facts clearly establish an instance of "surprise and excusable neglect."

The judgment and order are reversed.

GAROUTTE, J., and HARRISON, J., concurred.