[S. F. No. 441.   Department Two.—November 27, 1896.]

## J. J. RAUER, APPELLANT, *v.* J. WOLF ET AL., RESPONDENTS.

RELIEF AGAINST JUDGMENT—CONSTRUCTION OF CODE—DISCRETION.—Applications for relief, under section 473 of the Code of Civil Procedure, from a judgment, order, or other proceeding taken against the applicant through his mistake, surprise, or excusable neglect, are addressed to the sound legal discretion of the trial court; and its action in granting or refusing such an application will not be disturbed on appeal, unless it clearly appears that the court abused its discretion.

ID.—DISMISSAL OF ACTION—FAILURE TO FILE AMENDED COMPLAINT—ORDER REFUSING RELIEF—DISCRETION NOT ABUSED.—The affidavits and counter affidavits, upon an application to set aside a judgment of dismissal of an action for failure to file an amended complaint within the time limited therefor, after the sustaining of a demurrer to the complaint, reviewed, and held that, under the showing made, in view of all the facts in the case, there was no abuse of discretion in an order refusing the relief applied for.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to set aside a judgment.   J. C. B. HEBBARD, Judge.

The facts are stated in the opinion.

*G. H. Perry,* for Appellant.

*Wal. J. Tuska,* for Respondents.

BELCHER, C.—The plaintiff brought this action to recover damages for the alleged breach of a written contract entered into by the defendants, of San Francisco, with H. Brunhild & Co., of the city of New York, relative to the sale on the Pacific coast of a certain brand of champagne.   The contract was dated February 5, 1891, and was to run for five years.   The complaint was

filed May 20, 1895, and alleged that prior to the commencement of the action H. Brunhild & Co. transferred and assigned to the plaintiff all their right, title, and interest in and to their claim and demand against defendants for damages under the contract.

A general and special demurrer to the complaint was interposed and sustained, and plaintiff was allowed ten days to amend. No amended complaint was filed, and on October 16, 1895, judgment was entered dismissing the action and awarding costs to defendants.

On November 8, 1895, the plaintiff, pursuant to previous notice, moved the court to set aside the said judgment upon the ground that it was taken against him through his inadvertence and excusable neglect. In support of the motion plaintiff read his own affidavit and the affidavit of one J. I. Macks, and his proposed amended complaint. And in opposition thereto the defendants read the affidavit of their attorney, Wal. J. Tuska, and the deposition of Henry Brunhild, taken in the city of New York. The court denied the motion, and from that order the plaintiff appeals.

Section 473 of the Code of Civil Procedure provides that the court may, "upon such terms as may be just, relieve a party or his legal representatives from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." It is well settled, however, that applications for relief in such cases are addressed to the sound legal discretion of the trial court, and that its action in granting or refusing such an application will not be disturbed on appeal unless it clearly appears that the court abused its discretion. (*Woodward* v. *Backus*, 20 Cal. 137; *Watson* v. *San Francisco etc. R. R. Co.*, 41 Cal. 17; *Dougherty* v. *Nevada Bank*, 68 Cal. 275; *Buell* v. *Emerich*, 85 Cal. 116.)

The question then is, Does it appear that the court below abused its discretion in denying the plaintiff's application?

Plaintiff's affidavit read in support of the motion simply stated that the court had made an order requiring plaintiff to exhibit to defendants' attorney the assignment from L. Froman under and by which he commenced said action; that upon making search for said assignment he discovered that it had been lost or mislaid; that his assignors resided in the city of New York, and that he wrote to them for a new assignment; that the assignors delayed sending the new assignment, and the same did not reach him until October 21, 1895; "that as deponent is informed and verily believes, defendants' attorney, understanding that said assignment had been lost or mislaid, and understanding that a new one had been sent for, promised and agreed to extend the time to file an amended complaint until such time as said assignment should arrive."

In his affidavit Macks stated that he was acquainted with Tuska, defendants' attorney, and that he fully explained to Tuska the facts connected with the loss of the assignment first obtained, and had written and sent for another assignment; that Tuska promised and agreed to extend the time for filing an amended complaint until a new assignment was obtained; that on October 15, 1895, he presented to Tuska a stipulation extending plaintiff's time to file an amended complaint, and at the same time informed Tuska that he expected the assignment in a few days, but that Tuska, contrary to and in violation of his promise, refused to sign said stipulation or to grant further time; that on the next day he again saw Tuska, and again requested more time, but Tuska refused and stated that a default had already been entered.

The proposed amended complaint was verified on the day of the hearing, November 8, 1895, and, as to the assignment, averred in the same language as in the original complaint that it was made to plaintiff by H. Brunhild & Co.

Mr. Tuska, in his affidavit, stated that until the six-

teenth day of October, 1895, he never knew Mr. Macks
to be in any wise connected with the said cause, and that,
before that day he never had any interview or conver-
sation with him about the cause or about the assign-
ment in his affidavit referred to, or about any extension
or extensions of time to be given or granted to the
plaintiff to file an amended complaint, or for any other
purpose; that he was never informed by Macks, or
by any person connected with the plaintiff's cause,
that plaintiff had an assignment from H. Brunhild
& Co., or that the same had been lost, or that Macks
or the plaintiff had written or sent for another assign-
ment, and that he did not promise or agree to ex-
tend the time for filing an amended complaint until a
new assignment was obtained; that the only person
whom he ever knew or spoke to on behalf of or repre-
senting the plaintiff in the cause, until the 16th of
October, was Mr. Perry, plaintiff's attorney of record;
that on August 30th a motion, made by him on behalf
of defendants for an exhibition and inspection of the
assignment alleged in the complaint to have been made
by H. Brunhild & Co., to plaintiff, was granted, but no
such exhibition or inspection was ever made or granted;
that on the same day, August 30th, the defendants' de-
murrer was argued before the court, and sustained, and,
at the request of Mr. Perry, he consented that plaintiff
might have twenty days further time within which to
file an amended complaint; that the twenty days ex-
pired on the 19th of September, and on the twenty-first
day thereafter Mr. Perry requested him to grant ten
days' further time, which he did; that on September
30th, Mr. Perry again requested a further extension of
ten days, and he complied with this request; that the
last extension expired October 10th, and that about 9
o'clock of that night Mr. Perry's clerk came to his room
and asked for a further extension of time to file an
amended complaint, saying that Mr. Perry's time had
been so engrossed that he could not find the necessary
time to prepare an amended complaint; that he did not

wish to take advantage of Mr. Perry, and so consented to a further extension of five days, and at the same time told the clerk that he would grant no further extensions; that the last extension expired on October 15th, and no amended complaint was served or filed on that day, and no application was made for any further extension; that on the morning of October 16th, he directed the clerk of the court to enter the default of plaintiff and to enter judgment thereon in favor of defendants for costs; that on the 16th of October, after the default was entered, Mr. Macks called at his office, introduced himself and asked him to grant a further extension of time to file an amended complaint; that " this was the first appearance of Mr. J. I. Macks on the scene, the first knowledge I had of his existence or his connection with the cause. I declined to set aside the default or to grant the requested time; my refusal was absolute and unqualified"; that he had read the affidavit of the plaintiff, and that he never had an understanding with him or with anyone connected with his office, and never promised or agreed to extend the time to file an amended complaint until such time as the assignment referred to should arrive. " Mr. Perry, the only person with whom I dealt in this cause representing the plaintiff, never requested of me such an indefinite and unlimited extension, but always limited the time in the stipulations prepared by him for the periods as I have already stated above, except the last extension, which I reduced from ten to five days."

Mr. Brunhild, in his deposition, stated that his firm was engaged in the liquor importing business in the city of New York from July, 1890, to August 23, 1893; that the firm became insolvent, and on the last-named day its business was sold out to Leopold Froman, and the firm went out of existence. He did not, however, state that his firm ever sold or assigned to Froman any contract it may have had with defendants, or that it ever sold or assigned to the plaintiff any claim for damages it may have had against defendants.

It will be observed that it does not appear from his affidavit or otherwise that Mr. Macks had any connection with the case or any authority to ask for an extension of time to file an amended complaint. It will also be observed that the statements of Mr. Tuska as to the extensions of time granted and the circumstances under which they were granted were in no way controverted or denied.

Under the showing made it cannot, therefore, in our opinion, be said that the court below abused its discretion in denying the plaintiff's motion.

The order should be affirmed.

Searls, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.

McFarland, J., Temple, J., Henshaw, J.