F. H. MALLY, Appellant, v. C. A. ROBERTS, LAURA B. HAM-
MOND and C. J. MYERS, Appellees.

**Judgments:** VACATION OF DEFAULT: DISCRETION: SUFFICIENCY OF DE-
1    FENSE. The setting aside of a default upon an application promptly
made at the same term is peculiarly a matter within the discretion
of the trial court; and the order of the trial court in so doing will
not be disturbed on appeal, except upon a clear showing of an abuse
of such discretion. Thus where a surety moved to open the default,
alleging that the maker of the note had answered, pleading want of
consideration, counterclaims and that plaintiff was not a holder of
the note in due course but in secret trust for the payee to defeat
defenses by the maker, the court was justified in setting aside the
default against the surety.

**Same.** Where it appeared that defendant and counsel intended in good
2    faith to defend the action, but owing to the pendency of several
suits, involving the relations of defendant with a co-defendant the
filing of an answer before noon of the second day of the term was
by confusion and mistake overlooked, but a motion to vacate the
default was promptly filed thereafter, there was no abuse of the
court's discretion in setting the default aside.

*Appeal from Polk District Court.*—HON. WM. S. AYRES,
Judge.

SATURDAY, NOVEMBER 28, 1914.

ACTION on promissory note. The trial court having set
aside a default which had been entered against the defendant
Laura B. Hammond, the plaintiff appeals.—*Affirmed.*

*W. L. Smith,* for appellant.

*J. L. Warren, J. A. Dyer* and *A. A. McGarry,* for appel-
lees.

WEAVER, J.—The action is at law to recover upon a prom-
issory note signed by C. A. Roberts and Laura B. Roberts (now

Hammond) and indorsed by C. J. Myers. · The defendant
Laura B. Hammond was personally served with notice, but, no
appearance having been entered for her, she was defaulted on
the second day of the term. Two days thereafter, and within
the term, she appeared by counsel and moved to set aside the
default and tendered an answer. This motion was sustained
over the plaintiff's objection, and he appeals.

The setting aside of a default is peculiarly within the dis-
cretion of the trial court, and this is especially true where the
application is promptly made to the term within which the
default was suffered, and the court has reason-
able ground to believe that the party de-
faulted sincerely intends and desires to tender
an issue going to the merits of the claim in
suit. The exercise of this discretion will not be interfered
with or controlled on appeal, except in a clear case of abuse
thereof by the trial court. While the law is not intended to
encourage strife or litigation, the courts are not disposed to
deny a party the right to be heard upon his cause of action or
defense, where he has not forfeited or lost the same by his own
clearly established wrongful act or inexcusable negligence.
For this reason a clearer case of abuse of discretion is required
to reverse an order setting aside a default than where such
order is refused. *Barto v. Electric Co.,* 119 Iowa, 179; *West-
phal v. Clark,* 46 Iowa, 263; Deemer's Pleading & Practice,
section 770; *Blain v. Shaffner,* 37 Ill. App. 394; *Davenport v.
Ferris,* 6 Johns. (N. Y.) 131; *Will v. Water Co.,* 100 Cal. 344
(34 Pac. 830) ; *Gottsberger v. Harned,* 2 E. D. Smith (N. Y.)
128; *Griel v. Vernon,* 65 N. C. 76; *Ordway v. Suchard,* 31 Iowa,
481; *Howe v. Mining Co.,* 29 Cal. 72; *Dodge v. Ridenour,* 62
Cal. 276; *Alvord v. Gere,* 10 Ind. 385.

It is argued by the appellant that in the case at bar there
is no showing of meritorious defense, but we think the objec-
tion is not supported by the record. No default was taken
against appellee's codefendant, C. A. Roberts, who appears and
contests plaintiff's right to recover anything on the note in

1. JUDGMENTS:
vacation of de-
fault : discre-
tion : sufficiency
of defense.

suit. In support of her motion to set aside the default against herself, appellee avers that she signed the note as surety only for C. A. Roberts, and that he has and is pleading a good defense to the note; that the same was made without consideration; and that said principal defendant has and asserts certain just counterclaims against the plaintiff's demand. She also denies that the plaintiff is an innocent holder of the note, but alleges that he holds and sues upon said note in secret trust for the benefit of Myers, the payee, in order to avoid defense by the principal maker. These matters, if established by the evidence, constitute a good reason why plaintiff should not enforce the note against the appellee beyond the amount which he shall show himself entitled to recover, if anything, from C. A. Roberts.

The further point is made that the appellee's negligence in failing to appear before default entered was so gross and inexcusable that the court could not sustain the motion to set aside without abuse of discretion. We cannot

2. SAME.        so hold. It is sufficient to say it is clearly shown that both appellee and her counsel intended in good faith to defend the action, and that failure to appear arose from confusion growing out of the fact that several different actions had been brought and were pending, all involving appellee's relations, business and otherwise, with the defendant C. A. Roberts, by reason of which counsel by mistake and oversight, not involving grave negligence in his part, overlooked the omission to file answer before noon of the second day of the term, and that promptly thereafter he did appear and secured the order complained of setting aside the default. Under such circumstances, we cannot hold that the court abused its discretion in granting the relief and allowing the appellee an opportunity to defend. The case comes fairly within the rule applied by us in the *Barto* case, *supra.* Several of the precedents above cited from other jurisdictions are also quite in point. See, also, *Panesi v. Boswell,* 12 Heisk. (Tenn.) 323; *Seymour v. Elner,* 4 E. D. Smith (N. Y.) 199; *Freeman*

*v. Brown,* 55 Cal. 465; *Howe v. Mining Co.,* 29 Cal. 72; *Elston v. Schilling,* 30 N. Y. Super. Ct. 74.

The record discloses no abuse of discretion by the trial court, and the order setting aside the default of the defendant and permitting her to answer is—*Affirmed.*

LADD, C. J., and EVANS and PRESTON, JJ., concur.