SUCCESSORS OF L. VILLAMIL & CO., PLAINTIFFS AND APPELLANTS,
*v.* MERCED ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in a Proceeding to Open Default in an Action of Debt.

No. 156.—Decided May 12, 1917.

DEFAULT—MOTION TO OPEN DEFAULT—AFFIDAVIT.—The mere fact that the verification of a motion to open a default and the affidavit accompanying the same may be defective is not a sufficient ground for the reversal of the ruling appealed from, particularly when it is not shown that such question was raised in the lower court.

ID.—EXCUSABLE NEGLIGENCE—ATTORNEY.—The provision of section 140 of the Code of Civil Procedure that the court may "also relieve a party, or his legal representative, from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect," includes the excusable neglect of an attorney. As the inexcusable negligence of an attorney injures the party, the latter should receive the benefit of the excusable negligence of the former.

ID.—MERITORIOUS DEFENSE.—Although neither the motion to open a default nor the affidavit accompanying the same may set out in detail the facts constituting the defense of the defendant, if in rendering its decision the court have before it other documents, such as the demurrer, the answer and the counter-complaint, it may, by examining them, decide whether the defendant has a meritorious defense.

ID.—DISCRETION OF COURT.—An order setting aside, or refusing to set aside, a default judgment is within the discretion of the court, and the appellate court will not reverse the same unless abuse of discretion be shown.

The facts are stated in the opinion.
*Mr. Antonio Sarmiento* for the appellants.

The appellees did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Successors of L. Villamil & Company brought an action of debt in the District Court of San Juan, Section 1, against Casto Merced and José Salgado. After being summoned the defendants asked for and obtained an extension of time of ten days for filing their pleadings. The extension expired on May 18, 1916. On May 19, 1916, the plaintiffs petitioned the secretary of the court to note the default of the defendants and enter judgment against them. On May 22, 1916, the defendants moved the court to open the default. The motion is verified by one of them. Moreover, the said motion was accompanied by an affidavit of the attorney for the defendants setting forth the reason why he did not file his pleadings in time. There were filed also a demurrer, an answer and a cross-complaint. Both parties were heard by the court, which, on August 31, 1916, ordered that the default be opened and that the defendants be allowed to file their pleadings. From that order the present appeal was taken.

The appellants assign ten errors, which may be condensed into four, namely: (1) Both the verification of the motion to open the default and the affidavit accompanying the same are defective; (2) the negligence which justifies the exercise by the court of the powers vested in it by section 140 of the Code of Civil Procedure is the negligence of the parties and not of the attorneys; (3) the facts constituting the defense of the defendants are not set forth in detail either in the motion or in the affidavit; (4) the negligence of the attorney was inexcusable.

1. It is not shown that the question relating to the affidavits was raised in the lower court. Therefore we need not stop to consider it, for even if we found that such defects existed, this would not be sufficient ground for setting aside the order appealed from. Although defective in not complying with all the provisions of section 118 of the Code of Civil Procedure, the fact is that the said affidavits were made

and that they would be sufficient to render the affiants liable to prosecution for perjury should the case arise.

2. The excusable negligence of the attorney is included in the provisions of section 140 of the Code of Civil Procedure, which, among other things, prescribes that the court may "also relieve a party, or his legal representatives, from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." So, as the inexcusable negligence of an attorney injures the party, the party should receive the benefit of his excusable negligence. "It is not an abuse of discretion," said the Supreme Court of California, "for a trial court to set aside a judgment by default rendered in the absence of the plaintiff and his attorney, when the latter resided at a considerable distance from the place of trial, and had reason to believe that the case would not be tried at the time it was taken up." *Cameron* v. *Carroll*, 67 Cal. 500.

3. In the case of *Salazar* v. *Estate of Kortright*, 14 P. R. R. 131, this court, through Mr. Justice Wolf, expressed itself as follows:

"The appellant cites the jurisprudence of California to the effect that an affidavit of merits is indispensable on a motion to set aside a default, and he cites the cases of *Bailey* v. *Taafe et al.*, 29 Cal. 423; *Bank* v. *Dresbach*, 63 Cal. 324; and *Parrot* v. *Denn*, 34 Cal. 79, to support his contention. An examination of these cases shows that the law and practice in this respect in California are founded on the 68th section of the Practice Act of that State which requires that the affidavit should set out that the default occurred through mistake, inadvertence, surprise or excusable neglect, and that the defendant had a meritorious defense to the action. The only things to govern us are the provisions of section 140 of our Code of Civil Procedure. This section, it is true, provides for relief from a judgment only for mistake, inadvertence, surprise or excusable neglect, but there is nothing there, nor in any other part of the code which makes necessary an affidavit of merits. The attorney for the appellee made a showing that this default was due to mistake or excusable negligence. And while we think that in general something more should be required of a person in default, section 140 is so sweeping

and unlimited in its terms that we cannot reverse the action of the court, as there was no abuse of its discretion.''

In this particular case before us the defendants simply stated in their motion that they had a good cause of action without explaining why, and in the affidavit the attorney only set out the circumstances that prevented him from filing his pleading in time, adding that he had studied the case and firmly believed that the defendants had a good cause of action, but without specifying his reasons therefor. But these were not the only documents the district court had before it when it made the ruling appealed from. It also had the demurrer, the answer and the cross-complaint presented by the defendants and was in a position to judge after examining the same whether their defense was meritorous or not.

4. After the defendants were summoned and within the ten days allowed them to appear, they moved to be allowed to defend *in forma pauperis,* and for an extension of time of ten days within which to file their pleadings. Their attorney filed an affidavit swearing that he was preparing the answer on the last day of the extended period when he was notified that a serious disturbance had taken place in one of he streets of Bayamón, where he resided, and that, being the justice of the peace and the municipal judge being absent, he had to take charge of the investigation. That he worked until a late hour of the night and continued working the next day, and that as his mind was concentrated on the investigation, he involuntarily forgot all about the answer which he had to file.

It might be held that an attorney who without good reason puts off the preparation of his pleadings until the last moment, is not diligent, inasmuch as he should foresee the happening of events like those which took place in this case, but as the district court, in the exercise of its discretion, de-

cided to continue the case and therefore to pass upon the same after hearing the arguments and evidence of the parties, we should not disturb its ruling.

Pomeroy, on page 265 of his Civil Procedure, Codes of California Annotated, sums up the jurisprudence on the subject as follows:

"An order setting aside or refusing to set aside a judgment entered by default rests in the legal discretion of the court, to be exercised according to law: *Bailey* v. *Taafe,* 29 Cal. 422; *Howe* v. *Independence Co.,* 29 Cal. 72; *Watson* v. *San Francisco, etc., R. R. Co.* 41 Cal. 17; *Coleman* v. *Rankin,* 37 Cal. 247; *Wolff* v. *Canadian Pac. Ry. Co.,* 89 Cal. 332. And in the absence of an abuse of this discretion, the appellate court will not reverse the action of the lower court: *Howe* v. *Independence Co.,* 29 Cal. 72; *Reese* v. *Mahoney,* 21 Cal. 305; *Davis* v. *Rock Creek, etc., Co.,* 55 Cal. 359, 36 Am. Rep. 40; *Freeman* v. *Brown,* 55 Cal. 465; *Moore* v. *Kellogg,* 58 Cal. 385; *Southern Pac. R. R.* v. *White,* 10 Pac. C. L. J. 646; *Buell* v. *Emerich,* 85 Cal. 116; *Hitchcock* v. *McElrath,* 69 Cal. 634; *Harbaugh* v. *Honey Lake, etc., Co.,* 109 Cal. 70; *Mulkey* v. *Mulkey,* 100 Cal. 91; *Burns* v. *Scooffy,* 98 Cal. 271; *Edwards* v. *Hellings,* 103 Cal. 204; *Rauer* v. *Wolf,* 115 Cal. 100; *McGowan* v. *Kreling,* 117 Cal. 31; *Morton* v. *Morton,* 117 Cal. 443.

"Yet where the circumstances are such as to lead the court to hesitate upon a motion to open a default, it is better to decide in favor of the application: *Watson* v. *San Francisco, etc., R. R. Co.,* 41 Cal. 17; *Wolff* v. *Canadian Pac. Ry. Co.,* 89 Cal. 332; *Grady* v. *Donahoo,* 108 Cal. 211; *Miller* v. *Carr,* 116 Cal. 378, 58 Am. St. Rep. 180." Pomeroy, Civil Procedure, p. 265.

See also the following cases decided by this court: *Hernández* v. *F. Carrera & Brother et al.,* 22 P. R. R. 502; *García* v. *Garcia,* 22 P. R. R. 663; *Monllor & Co.* v. *Hutchison,* 18 P. R. R. 860; and *Salazar* v. *Estate of Kortright, supra.*

In view of the foregoing the order appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.