Sucesores de L. Villamil & Co., Demandantes y Apelantes,
    *v.* Merced et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan,
    Sección Primera, en procedimiento sobre apertura de re-
    beldía en pleito sobre cobro de cantidad.

No. 1563.—Resuelto en mayo 12, 1917.

Apertura de Rebeldía—Juramento Defectuoso.—El mero hecho de que el jura-
mento de una moción solicitando la apertura de rebeldía y el de un *affidavit*
acompañado a la misma, sean defectuosos, no es motivo suficiente para que
se revoque la resolución apelada, tanto más cuanto que no consta que tal
cuestión se suscitara en la corte inferior.

Id.—Negligencia Excusable del Abogado.—Dentro de los términos del artículo
140 del Código de Enjuiciamiento Civil está comprendida la excusable negli-
gencia de un abogado al prescribir que la corte podrá "también eximir a
una persona o a sus representantes legales de los efectos de una sentencia,
orden u otro procedimiento que se hubiere dictado contra ella, por causa de
equivocación, inadvertencia, sorpresa o excusable negligencia." Así como
la negligencia inexcusable de un abogado daña a la parte, debe la parte
recibir beneficio de su negligencia excusable.

Id.—Defensa Meritoria.—Aun cuando ni en la moción para que se abra una
rebeldía, ni en el *affidavit* acompañado a la misma, se expongan detallada-
mente los hechos constitutivos de la defensa del demandado, si la corte tiene
ante sí, al dictar su resolución, otros documentos tales como el escrito de
excepciones, contestación y contrademanda, puede juzgar, examinándolos, si
es o no meritoria la defensa del demandado.

Id.—Sentencia en Rebeldía—Discreción Judicial—Abuso de Discreción.—
Una orden anulando o negándose a anular una sentencia en rebeldía, cae
dentro de la discreción de la corte, y el tribunal de apelación no debe revo-
carla a menos que se demuestre la existencia de un abuso de discreción.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Antonio Sarmiento.*

Los apelados no comparecieron.

El Juez Asociado Sr. del Toro, emitió la opinión del
tribunal.

Sucesores de L. Villamil & Co., interpusieron una de-
manda en la Corte de Distrito de San Juan, Sección Primera,
contra Castro Merced y José Salgado, en cobro de pesos. Em-
plazados los demandados, solicitaron y obtuvieron diez días
de prórroga para presentar sus alegaciones. La prórroga
vencía el 18 de mayo de 1916. El 19 de mayo de 1916, los

demandantes pidieron al secretario de la corte que anotara la rebeldía de los demandados y dictara sentencia en su contra. El 22 de mayo de 1916, los demandados solicitaron de la corte que abriera la rebeldía. Su moción está jurada por uno de ellos. Se acompañó además un *affidavit* del abogado de los demandados exponiendo los hechos por virtud de los cuales se archivó su alegación en tiempo. También se archivó un escrito de excepciones previas, contestación y contrademanda. La corte oyó a ambas partes y el 31 de agosto de 1916 ordenó que se abriera la rebeldía y dispuso que quedaran radicadas las alegaciones de los demandados. Y contra esa resolución de la corte, se interpuso el presente recurso de apelación.

Señalan los apelantes diez errores que pueden condensarse en cuatro, a saber: 1, tanto el juramento de la moción solicitando la apertura de rebeldía, como el del *affidavit* acompañado a la misma, son defectuosos; 2, la negligencia que permite a la corte ejercitar las facultades que le confiere el artículo 140 del Código de Enjuiciamiento Civil, es la de las partes y no la de los abogados; 3, ni en la moción, ni en el *affidavit,* se exponen detalladamente los hechos que constituyen la defensa de los demandados, y 4, la negligencia del abogado fué inexcusable.

1. No consta que la cuestión relativa a los juramentos se suscitara en la corte inferior. En tal virtud no es necesario que nos detengamos a considerarla, ya que aunque concluyéramos que tales defectos existían, no sería ello motivo suficiente para revocar la resolución apelada. Aunque defectuosos por no cumplir con todas las reglas que fija el artículo 118 del Código de Enjuiciamiento Civil, es lo cierto que dichos juramentos se presentaron y que serían bastantes para sujetar a sus autores a un proceso por perjurio en su caso.

2. La excusable negligencia del abogado está comprendida dentro de los términos del artículo 140 del Código de

Enjuiciamiento Civil, cuando entre otros particulares prescribe que la corte podrá "también eximir a alguna persona o a sus representantes legales, de los efectos de una sentencia, orden u otro procedimiento que se hubiera dictado contra ella, por causa de equivocación, inadvertencia, sorpresa, o excusable negligencia." Así como la negligencia inexcusable de un abogado, daña a la parte, debe la parte recibir el beneficio de su negligencia excusable. "No es un abuso de discreción"—dijo la Corte Suprema de California—"por parte de la corte sentenciadora el dejar sin efecto un fallo en rebeldía dictado en ausencia del demandado y de su abogado, cuando el último residía a una considerable distancia del lugar del juicio, y tenía motivos para creer que el juicio no se celebraría en el tiempo en que lo fué." *Cameron* v. *Carroll,* 67 Cal. 500.

3. En el caso de *Salazar* v. *Sucesión Kortright,* 14 D. P. R. 134, 135, esta Corte Suprema, por medio de su Juéz Asociado Sr. Wolf, se expresó así:

"El apelante cita la jurisprudencia de California con el objeto de demostrar que en una moción para anular la anotación de rebeldía es indispensable la declaración jurada sobre los méritos de la misma, y cita los casos de *Bailey* v. *Taaffe et al.,* 29 Cal. 423; *Nevada Bank* v. *Dresbach,* 63 Cal., 324; y *Parrott* v. *Denn,* 34 Cal., 79, en apoyo de su pretensión. Examinando estos casos se verá que la ley y la práctica con respecto a este punto en California están fundadas en la sección 68 de la Ley de Práctica de aquel Estado, que prescribe que la declaración jurada deberá expresar que la rebeldía fué ocasionada por error, inadvertencia, sorpresa o negligencia excusable, y que el demandado tenía una defensa meritoria en la acción. La norma que tenemos es la sección 140 de nuestro Código de Enjuiciamiento Civil. Es cierto que esta sección prescribe el remedio para el caso de dictarse una sentencia por equivocación, inadvertencia o excusable negligencia, pero no hay nada en ella, así como tampoco en ninguna otra parte del Código, que exija necesariamente un (*affidavit*), declaración jurada sobre los méritos. El abogado del apelado trató de probar que la rebeldía fué motivada por error o negligencia excusable. Y aunque creemos que generalmente debe exigirse algo más a una parte en rebeldía, la sección 140 es tan vasta

e ilimitada en sus términos que no podemos revocar la acción tomada por la corte, por cuanto que la misma no abusó de su discreción.''

En este caso concreto que resolvemos en la moción se limitaron los demandados a decir que tenían una buena causa de acción, sin explicar por qué, y en el *affidavit* se concretó el abogado a exponer las circunstancias que le impidieron archivar su alegación en tiempo, consignando también que había estudiado el asunto y creía firmemente que los demandados tenían una buena causa de acción, pero sin especificar por qué. Sin embargo, no fueron ésos los únicos documentos que tuvo a la vista la corte de distrito al dictar la resolución apelada. También estaban ante ella las excepciones, contestación y contrademanda formuladas por los demandados, pudiendo juzgar al examinarlas si eran o no meritorias sus defensas.

4. Emplazados los demandados, dentro de los diez días que se les concedieron para comparecer, pidieron que se les declarara pobres y que se les concediera una prórroga de diez días más para archivar sus alegaciones. Su abogado en un *affidavit* jura que el último día en que se vencía la prórroga se encontraba preparando la contestación, cuando fué avisado de que había ocurrido un serio disturbio en una de las calles de Bayamón, lugar de su residencia, y que siendo juez de paz y hallándose ausente el juez municipal, tuvo que hacerse cargo de la investigación. Que trabajó hasta muy avanzada la noche y continuó trabajando al día siguiente, y que concentradas sus facultades en la investigación, olvidó, involuntariamente, todo lo referente a la contestación que debía presentar.

Pudiera sostenerse que el abogado que deja sin un motivo que los justifique sus alegaciones para prepararlas a última hora, no es diligente, ya que debe prever la ocurrencia de sucesos de la naturaleza de los que tuvieron lugar en este caso, pero habiendo la corte de distrito ejercitado su discre-

ción en sentido favorable a la continuación del pleito y por tanto a la resolución del mismo después de oir las alegaciones y las pruebas de ambas partes, no debemos alterar su decisión.

Pomeroy en sus Códigos de California anotados, en el tomo correspondiente al Procedimiento Civil, página 265, resume la jurisprudencia sobre la materia así:

"Una orden anulando o negándose a anular una sentencia dictada en rebeldía, cae dentro de la discreción judicial de la corte, la cual ha de ejercitarse de acuerdo con la ley: *Bailey v. Taaffe,* 29 Cal. 422; *Howe v. Independence Co.,* 29 Cal. 72; *Watson v. San Francisco, etc., R. R. Co.,* 41 Cal. 17; *Coleman v. Rankin,* 37 Cal. 247; *Wolff v. Canadian Pac. R. R. Co.,* 89 Cal. 332. Y no existiendo abuso de discreción, la corte de apelación no revocará la actuación de la corte inferior. (Se citan los casos.) *Howe v. Independence Co.,* 29 Cal. 72; *Reese v. Mahoney,* 21 Cal. 305; *Davis v. Rock Creek, etc., Co.,* 55 Cal. 359; 36 Am. Rep. 40; *Freeman v. Brown,* 55 Cal. 465; *Moore v. Kellogg,* 58 Cal. 385; *Southern Pac. R. R. v. White,* 10 Pac. C. L. J. 646; *Buell v. Emerich,* 85 Cal. 116; *Hitchcock v. McElrath,* 69 Cal. 634; *Harbaugh v. Honey Lake, etc., Co.,* 109 Cal. 70; *Mulkey v. Mulkey,* 100 Cal. 91; *Burns v. Scooffy,* 98 Cal. 271; *Edwards v. Hellings,* 103 Cal. 204; *Rauer v. Wolf,* 115 Cal. 100; *McGowan v. Kreling,* 117 Cal. 31; *Morton v. Morton,* 117 Cal. 443. * * *. Sin embargo, cuando las circunstancias son tales que hacen vacilar a la corte ante una moción para levantar una rebeldía, es mejor práctica decidir en favor de la solicitud: *Watson v. San Francisco, etc., R. R. Co.,* 41 Cal. 17; *Wolff v. Canadian Pac. Ry. Co.,* 89 Cal. 332; *Crady v. Donahoo,* 108 Cal. 211; *Miller v. Carr,* 116 Cal. 378; 58 Am. St. Rep. 180." Pomeroy, Civil Procedure, pág. 265.

Véanse también los siguientes casos resueltos por esta Corte Suprema: *Hernández v. F. Carrera & Hno. et al.,* 22 D. P. R. 538; *García v. García,* 22 D. P. R. 712; *Monllor & Co. v. Hutchison,* 18 D. P. R. 893, y *Salazar v. Sucesión Kortright, supra.*

Por virtud de todo lo expuesto, debe confirmarse la resolución recurrida.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.