Roland v. Kreyenhagen.

---

## ROLAND v. KREYENHAGEN et al.

EJECTMENT against K., claiming as owner, and R., his tenant, and L. & B., sub-lessees of R. Summons served on L. & B. only, who were in possession. No answer; and default taken. Suit dismissed as to K. & R., and judgment entered by the Court against L. & B. for restitution. K. applies, on affidavit, for an order vacating the judgment, and for permission to defend : *Held*, that K. had a right to be admitted to defend ; and that the judgment was properly vacated for that purpose.

Where a judgment is set aside, under the sixty-eighth section of the Practice Act, and. a party permitted to come in and defend, the Supreme Court will not interfere, unless there was a clear abuse of discretion in the Court below. The power of the Court, under this and other sections of the Practice Act, should be liberally exercised to mould and direct its proceedings, so as to dis-pose of cases upon their merits, and without unreasonable delay, regarding mere technicalities as obstacles to be avoided, rather than as principles to which effect is to be given in derogation of substantial right.

If third persons have acquired any rights to the premises in this case since the judgment and before it was vacated, or if K. has waived any rights, such matter can be set up on the trial. These questions cannot be tried by affi-davits on the motion to set aside the judgment.

Where a judgment is set aside under the sixty-eighth section of the Practice Act, and a party permitted to come in and defend, he *must* be compelled to pay costs.

APPEAL from the Fourth District.

Appeal from an order made by the District Court setting aside a judgment by default.

The suit was brought to-recover possession of a lot of land in the city of San Francisco, against Gustavus Kreyenhagen, who claimed as owner, Rich, his lessee, and Luhden & Broderick, the sub-tenants of Rich, and in actual possession. The summons was served on the occupants, Luhden & Broderick, only. Luhden & Broderick not answering, plaintiff entered their default, dismissed the suit as to Kreyenhagen and Rich, and upon application to the Court, judgment was entered up against Luhden & Broderick. Kreyenhagen, upon affidavit, setting forth that he was the owner of the land, with good title from the city of San Francisco, and that he, and those under whom he claimed, had been in possession more than ten years, and that the occupants had allowed judgment to be taken by default against them, without notifying their landlord of the existence of the action, and other matters, tending to show a good defense to the action, applied to the Court to vacate said judgment, and for leave to defend. Counter affidavits were filed, setting up, among other things, that after the judgment was entered, plaintiff, Roland, sold his interest in the land to one Mills, a *bona fide* purchaser, without notice. Plaintiff appeals from an order granting the motion.

*Tompkins & Compton*, for Appellant.

*B. S. Brooks*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The order setting aside the judgment by default is affirmed as hereinafter modified. It would require a very clear case of abuse of discretion in the Judge below to induce us to interfere with his action upon such applications. The respondent might have been seriously affected in his rights by suffering the tenants to be dispossessed, and he had a right to be admitted to defend. The sixty-eighth section of the Practice Act provides: "The Court may, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a

Roland *v.* Kreyenhagen.

mistake in any other respect, and may upon like terms enlarge the time for an answer or demurrer, or demurrer to an answer filed. The Court may likewise, upon affidavit showing good cause therefor, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars, and may upon like terms allow an answer to be made after the time limited by this act; and may upon such terms as may be just, and upon payment of costs, relieve a party or his legal representatives from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; when from any cause the summons and a copy of the complaint in an action have not been personally served on the defendant, the Court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within six months after the rendition of any judgment in such action, to answer to the merits of the original action."

The power of the Court should be freely and liberally exercised under this and other sections of the act to mould and direct its proceedings, so as to dispose of cases upon their substantial merits, and without unreasonable delay, regarding mere technicalities as obstacles to be avoided, rather than as principles to which effect is to be given in derogation of substantial right. While formal requirements of pleading and practice cannot be dispensed with by the Court, it can usually make such orders or grant such amendments in the progress of the cause as will avoid the effect of petty exceptions, and dispose of the case upon its legal merits. It can also usually prevent unjust or unfair advantages, or serious injury arising from casualties or inadvertence. The design of the act was to call into requisition its equitable powers in this respect; and we have as little right as disposition to revise its action, unless we can see that its discretion has been clearly abused. Without attributing any sharp practice or unprofessional devices to the attorneys here—for we see no proof of any—we think it is not apparent that the discretion of the Court was improperly exercised in making the order complained of. If third persons have acquired any rights since the judgment, or the respondent waived any, that matter can be set up on the trial. We cannot try these questions on affidavit.

30

The Court should have ordered the respondent to pay costs. (See section quoted.) This seems imperative.

The Court below will modify the order accordingly. It is otherwise affirmed. Each party to pay his own costs in this Court.