HARVARD LAW SCHOOL LIBRARY

## REED *et al v.* CALDERWOOD *et al.*

In an action of ejectment against several defendants the plaintiff may at any time before trial dismiss the action as to some of the defendants and proceed against the others alone.

C. being one of four defendants in ejectment, moved to transfer the action to a United States Court on the ground of his alienage, and an order was made staying all proceedings until the motion could be heard. Before the hearing of the motion plaintiffs dismissed the action as to C. and one other defendant, and took judgment against the other two, who had made default. C. afterwards insisted upon his motion, and filed affidavits tending to show that the

defaulting defendants were occupying the premises as his tenants, and were colluding with the plaintiff. The motion was denied, and C. having appealed from that order and from the judgment : *held*, that the denial of the motion was proper, as after C.'s dismissal it could not properly be entertained.

*Held*, further, that C. was not in a position to contest by an appeal the validity of the judgment against the defaulting defendants — that if in entering the default and judgment there was collusion by which he was prejudiced, he should have moved in the Court below to set them aside and for leave to appear as landlord and defend.

APPEAL from the Fourth Judicial District.

The facts are stated in the opinion.

*P. G. Buchan*, for Appellants.

*Hoge & Wilson*, for Respondents.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover the possession of a tract of land from the defendants Calderwood, Moore, Jacob and Theodore Recto-wald. Calderwood appeared and filed a petition, setting forth that he was an alien, and praying that the suit be transferred to the Circuit Court of the United States for the Northern District of California. He also filed an undertaking with sureties, as required by the statute in such cases. Before the motion for the transfer was made, the time for the filing of answers expired, and the two Rec-towalds, not having filed any answer, a default was entered against them by the Clerk, the plaintiffs dismissed the action as against Calderwood and Moore, and a final judgment for the possession of the property was rendered in favor of the plaintiffs against the defendants Jacob and Theodore Rectowald. After the rendition of the judgment, and after the dismissal of the action as to Calderwood and Moore, Calderwood brought on his motion to transfer the cause to the United States Circuit Court, and the Court denied the motion on the ground that the action had been dismissed as to the moving party, Calderwood, and the latter prosecutes this appeal against the judgment and the subsequent order refusing to transfer the action.

The transcript is incumbered with a number of affidavits, which are not made part of the record by any statement or bill of exceptions. If there was collusion between the plaintiffs and the Rectowalds, who are alleged to be the tenants of Calderwood, the latter should have moved to set aside the default and judgment, and for leave to appear and defend as landlord, or taken some appropriate action in the Court below to secure his rights against the alleged collusion. (*Roland* v. *Kreyenhagan,* 18 Cal. 455.)

The plaintiffs had a right to dismiss the action as to Calderwood and Moore, leaving it to proceed against the other parties by the provisions of Sec. 148 of the Practice Act. No application having been made to set aside the default or the judgment rendered thereon, the appellant is not in a position to contest the validity or regularity of the judgment.

The action having been dismissed as to Calderwood, he was no longer a party to it, and his motion to transfer the cause could not, therefore, be properly entertained. Had he appeared, after the dismissal, and been made defendant, as landlord, upon his own application, the question would have assumed a very different shape.

As to the ultimate rights of these parties to the land in controversy, there is nothing properly in the record to enable us to determine them, even if the appellant had taken the proper steps to bring them before us.

The judgment and order are affirmed.