[No. 13530. In Bank. —July 30, 1890.]

R. T. BUELL, APPELLANT, v. JOHN EMERICH, RE-
SPONDENT.

VACATION OF JUDGMENT — DISCRETION — APPEAL. — An application to set
aside a judgment is directed to the sound legal discretion of the trial
court, and an order granting the application will not be reversed on ap-
peal unless it clearly appears that the court abused its discretion.

ID. — LIBERALITY IN EXERCISE OF DISCRETION — PROMOTION OF JUSTICE. —
The power of the court should be freely and liberally exercised, under
section 473 of the Code of Civil Procedure, to mold and direct its proceed-
ings so as to dispose of cases upon their substantial merits; and its order
will not be reversed unless its power has been exercised in a manner
which is calculated to defeat, rather than advance, the ends of justice.

ID. — EXCUSABLE NEGLECT — ABSENCE FROM TRIAL — WANT OF NOTICE —
SUFFICIENCY OF SHOWING. — Affidavits presented in support of a mo-
tion to set aside a judgment, which state that the defendant and his
attorney resided at a great distance from the county seat, and that
neither of them was present when the case was set for trial or when it
was tried, owing solely to a want of notice of the setting of the case;
that they were not notified, and never heard that it had been set until
just before the trial, and then the time was too short to enable them to
be present, owing to their distance from the county seat; and that they
had a good defense on the merits, — present facts sufficient to make out a
prima facie case of excusable neglect, and if not controverted, will justify
an order vacating the judgment.

APPEAL from an order of the Superior Court of Santa
Barbara County setting aside and vacating a judgment.

The facts are stated in the opinion.

W. C. Stratton, for Appellant.

Howard A. Broughton, and W. P. Butcher, for Re-
spondent.

BELCHER, C. C. — This action was brought to recover
the value of certain personal property, alleged to have
been owned by the plaintiff, and to have been unlawfully
converted by the defendant to his own use. The answer
denied each and every allegation of the complaint. On
the eighth day of July, 1889, the case was set for trial on

the fifteenth day of August following.   On the last-named day the case was tried, neither the defendant nor his attorney being present in court, and judgment was given for the plaintiff.   On the twenty-sixth day of the same month, the defendant served and filed notice of motion to set aside and vacate the judgment, on the grounds that the defendant was not present at the trial; that his absence was not caused by any fault or neglect on his part; that he had no notice that the action was set for trial upon the 15th of August; and that he was taken by surprise and greatly prejudiced by the trial and judgment.   The motion was heard by the court upon affidavits, and granted on condition that defendant pay to plaintiff the full amount of his costs to date.   The appeal is by the plaintiff from this order.

The motion was made under section 473 of the Code of Civil Procedure, which provides that the court may, "upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

It is settled law that applications like that made here are addressed to the sound legal discretion of the trial court, and that orders granting such applications will not be reversed on appeal, unless it clearly appears that the court abused its discretion.   In *Roland* v. *Kreyenhagen,* 18 Cal. 455, where a similar question was presented, the court said: "It would require a very clear case of abuse of discretion in the judge below to induce us to interfere with his action upon such applications."   And after quoting section 68 of the old Practice Act, which is substantially the same as section 473, *supra*, it is further said: "The power of the court should be freely and liberally exercised, under this and other sections of the act, to mold and direct its proceedings, so as to dispose of cases upon their substantial merits."   And in *Howe* v. *Independence Co.*, 29 Cal. 75, it is said: "Orders of the

court below upon applications made under the sixty-eighth section of the Practice Act will not be disturbed by this court, except in cases of gross abuse, where the power of the court has been exercised in a manner which is calculated to defeat, rather than advance, the ends of justice." (See also *Cameron* v. *Carroll*, 67 Cal. 500, and *Dougherty* v. *Nevada Bank*, 68 Cal. 275.)

The question, then, is, Does it clearly appear that the court below abused its discretion in making the order complained of? We do not think it does. The affidavits presented in support of the motion stated, in substance, that both the defendant and his attorney resided at a great distance from the county seat, and that neither of them was present when the case was set for trial, or when it was tried; that they were never notified of the setting of the case, and never heard that it had been set until just before the trial, and then, owing to their distance from the county seat, the time was too short to enable them to be present; that the only reason they were not present at the trial was the lack of notice that a time for the trial had been set; and that defendant had a good and substantial defense to the action on its merits.

The facts set forth in the affidavits were not controverted by the other side, and they were sufficient, we think, to make out at least a *prima facie* case of excusable neglect. The court evidently so thought, and made its order accordingly.

As we can see no abuse of discretion in the action of the court, we advise that the order be affirmed.

HAYNE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.