## HAYNES v. BACKMAN et al.

### No. 19,000; December 27, 1892.

#### 31 Pac. 745.

**Mortgage Foreclosure—Setting Aside—Discretion.**—In a proceeding to set aside a foreclosure sale on a showing promptly made, it appeared that the property had brought a very inadequate price; that the deputy having the matter in charge had been asked to bid for the mortgagee in the latter's absence, but had neglected to do so; that the mortgagee's intention to bid was known to the purchaser; and that the mortgagee could not collect any of the deficiency from the mortgagor. Held, that the court might properly set aside the sale.

APPEAL from Superior Court, Los Angeles County; J. W. McKinley, Judge.

Proceeding by Mary E. Haynes against Peter Backman and others and the Los Angeles Terminal Land Company to set aside a sale of property made under a mortgage foreclosure. Order setting aside the sale. The defendant land company appeals. Affirmed.

Burnett & Gibbon for appellant; Geo. I. Cochran, Henry Bleecker and John T. Jones for respondents.

TEMPLE, C.—This is an appeal by a purchaser at a sale of property under foreclosure of a mortgage from an order setting aside the sale. From the affidavits used on the motion, the court below may have believed the following to be the facts in reference to the sale: The amount found due on the mortgage, including costs, was about $1,600; that the land was worth that sum; that plaintiff had instructed her attorneys to attend the sale, and in case no one bid more, or an equal sum, to bid for her the amount of the judgment and costs; that one of her attorneys, Cochran, was intending to carry out this instruction, and informed the deputy sheriff who had the matter in charge of that fact, and instructed the deputy, in view of the fact that the sale was fixed for Monday, which was law day, when he might be busy in court, that in case he was not present to bid for his client the

amount due on the judgment; that the purchaser, or its agent, was well aware of plaintiff's intention to bid the full amount of the judgment; that the defendant, who joins in the motion, inquired of plaintiff's attorney as to his intention with reference to the sale, and on being informed that he would bid the amount of the judgment, and that there would be no judgment for deficiency, relying upon the promise, made no effort to have the property bring a larger sum, being satisfied if the property should pay the debt; that the sale was advertised for October 19, 1891, at 12 M.; that on that morning Cochran was actually engaged in the argument of a demurrer, and was delayed by this business a few moments after 12 o'clock, but still hurried to the place of sale, expecting to be in time; but, although he arrived within twenty minutes after 12, the property had been struck off to appellant for $500, and the amount paid to the sheriff. On the same day, an order to show cause on the next day why the sale should not be set aside was obtained, and served on the purchaser. On the hearing, which by consent was adjourned for five days, the order appealed from was made. It also appeared that plaintiff would be unable to collect any deficiency from the defendant. Some of these facts were controverted, but it devolves upon the appellant to show error. Unless, therefore, we can plainly see that the conclusion reached by the court, from the affidavits, was erroneous, we cannot interfere with its discretion. It is true it has been held that mere inadequacy of price will not justify a court in setting aside a sale where all the proceedings are regular and free from fraud or mistake. Still, in numerous cases upon this subject, that fact figures as an important factor. Here the attorney had left with the deputy sheriff his bid. Such course is not unusual, and, if the deputy was unwilling to accept the bid in that form, he ought to have informed the attorney of such fact, in which case, very likely, knowing that he might be detained, he would have had some person present to bid for him. Setting aside the sale so promptly will harm no one except a purchaser who insists upon an unfair advantage obtained by this excusable neglect on the part of plaintiff's attorney, while the client will be irreparably injured if the sale is allowed to stand. Greater delinquency has been found excusable by

this court in many cases: Buell v. Emerich, 85 Cal. 116, 24 Pac. 644; Stonesifer v. Kilburn, 94 Cal. 33, 29 Pac. 332. As said in Buell v. Emerich, supra, very great discretion is conceded to the trial court in regard to these matters, in the interests of justice. We cannot say that such discretion has been abused in this case. We therefore advise that the order appealed from be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.