[S. F. Nos. 1224, 1256.   Department One.—July 23, 1900.]

HENRY MELDE, Respondent, v. JOHN REYNOLDS, Appellant.

SETTING ASIDE JUDGMENT—FAILURE TO ATTEND TRIAL—MISTAKE AND EXCUSABLE NEGLECT—ABUSE OF DISCRETION—REVERSAL UPON APPEAL.—Where it is made to appear that the failure of the defendant to be represented at the trial was owing to the mistake and excusable neglect of his attorneys, who were misled as the result of reasonable inquiries, the exercise of the discretion of the court requires it to set aside the judgment for the plaintiff; and its action in refusing to do so is an abuse of discretion, and will be reversed upon appeal.

ID.—CONSTRUCTION OF CODE—REMEDIAL PROVISION.—Section 473 of the Code of Civil Procedure, which provides that "the court may, in its discretion, after notice to the adverse party, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceedings taken against him through his mistake, inadvertence, surprise, or excusable neglect," is remedial, and is to be liberally construed, under section 4 of the same code, with a view to effect its objects and

promote justice. It is best observed by disposing of causes on their substantial merits, rather than with strict regard to technical rules of procedure.

ID.—EXERCISE OF DISCRETION OF COURT.—The discretion of the court, under section 473 of the Code of Civil Procedure, ought always to be exercised in conformity with the spirit of the law, and so as to subserve, rather than impede or defeat, the ends of justice, regarding mere technicalities as obstacles to be avoided, rather than as principles to be made effective in derogation of substantial right.

ID.—RIGHTS OF PLAINTIFF—COMPENSATION FOR DAMAGE.—The plaintiff, though not in any respect chargeable with the failure of the defendant to be represented at the trial, and though his attorneys made all reasonable effort to secure the representation of the defendant before proceeding with the trial, cannot claim the right to enforce the judgment rendered in his favor through the mistake and excusable neglect of the defendant; but he has the right to be compensated for the damage actually sustained by him at the hands of the defendant.

ID.—AFFIDAVIT OF MERITS BY ATTORNEY—VERIFIED ANSWER—WAIVER OF OBJECTION.—The fact that an affidavit of merits was made by defendant's attorney in the excusable absence of the defendant from the state is not ground for sustaining an order refusing to vacate the judgment, where it appears that the verified answer of the defendant contradicting all the averments of the complaint was on file before the trial, and where it does not appear that any objection upon that ground was made in the court below, and the motion was not denied upon that ground.

ID.—PERSONAL AFFIDAVIT OF MERITS NOT JURISDICTIONAL.—An affidavit of merits by the defendant himself in person is not a jurisdictional requisite for granting relief under section 473 of the Code of Civil Procedure, and may be dispensed with, if the court is otherwise satisfied that the application is meritorious, and is made in good faith, and not for delay. The verified answer of the defendant on file may be considered by the court in determining the question of merits and good faith, as well as the affidavit of his attorney.

ID.—FURTHER AFFIDAVIT — OBJECTION OF PLAINTIFF — CONTINUANCE OF HEARING.—If the court deems a further affidavit necessary, or the plaintiff should object to the application for want of a personal affidavit of merits by the defendant, it should continue the hearing a sufficient time to enable it to be procured.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from orders refusing to vacate the judgment and denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Smith & Murasky, and William J. Herrin, for Appellant.

Dorn & Dorn, and Carson & Savage, for Respondent.

HARRISON, J.—Judgment herein was rendered in favor of the plaintiff and against the defendant April 23, 1897, and was entered of record April 26th. May 25th the defendant gave notice of a motion to vacate and set aside the judgment, upon the ground that it was rendered through mistake, inadvertence, and excusable neglect on his part, accompanying the same with certain affidavits in its support. At the hearing of the motion counter-affidavits and other documentary evidence were presented on behalf of the plaintiff, and the motion was denied. From this order the defendant has appealed.

It appears from the bill of exceptions that the complaint was filed in May, 1889, and that in July of that year the defendant filed an answer denying all the allegations of the complaint. No action was taken by either party tending to bring the case on for trial, and in 1890 it was dropped from the calendar by stipulation. In November, 1896, the attorney for the defendant gave notice of a motion to dismiss the action. This was met with a counter-motion on behalf of the plaintiff to set the cause for trial. Both motions were heard at the same time, and the court denied the motion to dismiss and set the action down for trial for April 23, 1897—that day being agreed upon by the attorneys for both parties. A few days prior to that date Mr. Shadbourne, the attorney for the defendant, informed him of these facts, and on the following day the defendant visited him at his office, and upon expressing dissatisfaction at his course Mr. Shadbourne suggested that he get another attorney, which he said he would do, and Mr. Shadbourne thereupon gave him the papers in the cause. The defendant thereupon employed Messrs. Smith and Murasky as his attorneys, and on the next day Mr. Murasky instructed his managing clerk to ascertain what proceedings had been taken in the case, and was informed by him, after such examination had been made, that the action was pending in Department No. 4 of the superior court, and that a motion to set the cause for trial had been granted, but that the date for said trial was not contained in the records of

the case.   Mr. Murasky then inquired of the clerk, and also of the judge of that department, upon what day the trial of the cause had been set, and was informed by each of these officers that, as the cause did not appear upon the calendar for any date, it would not be reached for trial for at least three months.   He thereupon informed the defendant that there was no likelihood of a trial being had for several months, and on the 21st of April the defendant left San Francisco for Japan.   When the action was originally brought it was assigned to Department No. 4, and has subsequently been transferred to Department No. 5, but Mr. Murasky had no knowledge of such transfer until after the judgment had been rendered.   On the 23d of April no appearance was made in behalf of the defendant, and the cause was tried and judgment rendered in favor of the plaintiff.

When these facts were made to appear to the court a proper exercise of its discretion required it to set aside the judgment. (See *Dougherty v. Nevada Bank,* 68 Cal. 275; *Grady v. Donahoo,* 108 Cal. 211.)   Section 473 of the Code of Civil Procedure provides: "The court may, in its discretion, after notice to the adverse party, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect."   This is a remedial provision, and under the terms of section 4 of the same code, which require it to be liberally construed with a view to effect its objects and promote justice, is best observed by disposing of causes upon their substantial merits, rather than with strict regard to technical rules of procedure.   The discretion of the court ought always to be exercised in conformity with the spirit of the law, and in such a manner as will subserve rather than impede or defeat the ends of justice, regarding mere technicalities as obstacles to be avoided rather than as principles to which effect is to be given in derogation of substantial right.   (*Roland v. Kreyenhagen,* 18 Cal. 455; *Bailey v. Taaffe,* 29 Cal. 424; *Watson v. San Francisco etc. R. R. Co.,* 41 Cal. 17.)

That the failure of the defendant to be represented at the trial and the rendition of judgment against him in his absence was the result of a mistake must be conceded, and it may be

conceded that this mistake was owing to neglect; but if the neglect was under the circumstances excusable, he was entitled under the provisions of this section to be relieved therefrom. His absence was not owing to any neglect on his part, inasmuch as he had been advised by Mr. Murasky that the cause could not be tried for several months. It is true that the day upon which it was called for trial had been agreed to by his attorney, Mr. Shadbourne, and although he was technically bound by the acts of his attorney, and chargeable with knowledge of the fact that that day had been fixed for the trial, it is not claimed that Mr. Murasky knew of what Mr. Shadbourne had agreed to, and if this ignorance was excusable, the provisions of the above section are applicable. The purpose of this section is to enable courts to relieve a party from the consequences of enforcing the strict and technical rules of procedure, by applying such equitable rules in any individual case as will do justice between the litigants. Neither is it sufficient to say that by a diligent examination Mr. Murasky could have learned that the cause had been set for trial on the 23d of April. What the court was called upon to ascertain when this application for relief was made was whether his failure to learn that fact was under the circumstances excusable, or was the result of carelessness or inattention. When it appeared that he had in good faith made an earnest effort to ascertain the condition of the cause, and had availed himself of such means as would be ordinarily employed, but was misled thereby, he could justly claim that his mistake was not the result of negligence. To hold that notwithstanding all his efforts a party is bound by the result of any mistake which is made in the prosecution or defense of his cause, would deprive him of the very remedy which section 473 is intended to provide. Mr. Murasky had intrusted the examination of the records to his managing clerk, whose capacity is not impugned, and the court could not fail to recognize the fact that the details of a law office in extensive practice are greatly under the supervision of a managing clerk, and that the attorney is dependent upon him for information as to the condition of the causes in his office. When Mr. Murasky was informed by his clerk that the cause was pending in Department No. 4, and that a motion

to set the cause for trial had been granted, but that the records did not show the date for which the trial was set, he sought to ascertain this date from the clerk of that department, and also from the judge thereof, and when informed by both of these officers that the cause would not be reached for trial for at least three months, he could not be charged with neglect in accepting their statements as correct and acting accordingly. The fact that the columns of the "Daily Law Journal" showed that the cause was set for trial in Department No. 5 for April 23d is not sufficient to establish neglect on his part. The copy of the complaint which the defendant handed him indicated that when the action was commenced it was assigned to Department No. 4, and his clerk had informed him that it was still pending in that department. Under these circumstances his failure to observe this publication in the "Journal" is not attributable to any neglect. We are of the opinion that the facts presented in behalf of the defendant established an ample excuse for his failure to be represented at the trial, and that the court should have granted his application.

It is not claimed that the plaintiff was chargeable in any respect with the defendant's failure to be represented at the trial. On the contrary, it appears that the plaintiff's attorneys made all reasonable effort to secure his presence before proceeding therein. The plaintiff, however, cannot claim the right to enforce a judgment which was rendered in his favor, by reason of a neglect on the part of the defendant which in the eye of the law is excusable. He has the right to be compensated for the damage which he has sustained at the hands of the defendant; but if the defendant has, without any fault on his part, been prevented from presenting his defense, it is but simple justice that he should have an opportunity therefor. If it had been made to appear that the plaintiff would thereby be subjected to additional expense, or that any loss or damage would result from granting the defendant's motion, the court could indemnify him by making the order "upon such terms as may be just." No showing was made on his behalf, however, that he would be injured by setting the judgment aside in any respect other than by the delay and inconvenience of a second trial, and for all this he could be compensated by the terms

which the court would impose as the condition of making the order. The trial of the cause had been delayed for nearly eight years since it had been at issue, and it cannot be assumed that the plaintiff would be greatly prejudiced by a few weeks additional delay.

It is urged by the respondent that the order should be affirmed upon the ground that a proper affidavit of merits was not presented to the court—the affidavit presented being made by Mr. Murasky, and not by defendant. It does not appear that this objection was made in the court below, nor did the court deny the application upon this ground, and we are of the opinion that, under the circumstances shown, the court would not have been authorized to do so. Upon the advice of his attorney that the cause would not be tried for several months, given under circumstances sufficient to exonerate him from all charge of neglect, the defendant had left the state on the 21st of April for Japan, and at the time the application was made was absent from the state, and thus prevented from presenting an affidavit made by himself. An affidavit of merits made by the defendant in person is not a jurisdictional element for granting relief under this section, and in a case like the present may be dispensed with if the court is otherwise satisfied that the application is meritorious and is made in good faith, and not merely for delay. The verified answer of the defendant contradicting all the averments of the complaint was on file, and could be considered by the court for the purpose of determining this fact. (See *Fulweiler v. Hog's Back etc. Min. Co.,* 83 Cal. 126; *Merchants' Ad-Sign Co. v. Los Angeles Bill Posting Co.,* 128 Cal. 619.) The court had before it also the affidavit of Mr. Murasky, and in addition thereto could take into consideration the evidence that had been presented on behalf of the plaintiff at the time the judgment was rendered. Under these circumstances it was authorized to hold that a further affidavit from the defendant was not necessary. If it had deemed a further affidavit requisite, or if the plaintiff had made objection to the application on this ground, it should have continued the hearing a sufficient time to enable it to be procured.

2. After the court had denied the defendant's motion to set aside the judgment, he moved for a new trial upon the ground

of accident and surprise which ordinary prudence could not have guarded against, and filed certain affidavits in support of his motion. Counter-affidavits were filed on behalf of the plaintiff, and the court denied the motion. From this order, and also from the judgment, the defendant has also appealed, and the record of this appeal is presented in case S. F. No. 1256.

Inasmuch as we hold that the court should have granted the defendant's motion to set aside the judgment, the order to be made in pursuance of our judgment reversing its action will render the motion for a new trial and the action of the court thereon of no moment, and the necessity of considering the appeal therefrom is therefore obviated.

The order appealed from in S. F. No. 1224 is reversed, and the superior court is directed to enter an order as of June 25, 1897, setting aside and vacating the judgment theretofore entered, and restoring the cause to its calendar for trial. Case No. 1256 is also remanded for further proceedings.

Van Dyke, J., and Garoutte, J., concurred.

Hearing in Bank denied.