GUTIÉRREZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* FOIX ET AL.,
DEFENDANTS AND . APPELLEES.

APPEAL from the District Court of Humacao in An Action
of Intervention in Ownership.

No. 1257.—Decided July 27, 1915.

CONSTRUCTION OF LAW—REMEDIAL PROVISION.—The provision of section 140 of
the Code of Civil Procedure, which is similar to section 473 of the Code of
California, is a remedial provision and should be construed liberally with a
view to effect its ' object and promote justice. It is best observed by dis-
posing of causes upon their substantial merits rather than with strict regard
to technical rules of procedure.

ID.—DISCRETION OF COURT.—Under section 140 of the Code of Civil Procedure,
the discretion of the court ought always to be exercised in conformity with
the spirit of the law and in such . a manner as will subserve rather than
impede or defeat the ends of justice, mere technicalities being regarded as
obstacles to be avoided rather than as principles to which effect is to be
given in derogation of substantial right.

ID.—DISCRETION OF COURT—APPEARANCE.—Where the court does not exercise, or,
if exercising, abuses its discretion in considering the circumstances that pre-
vent the plaintiff from appearing at the trial, its ruling should ·be reversed.

The facts are stated in the opinion.

*Mr. Antonio J. Amadeo* for the appellants.

*Mr. Francisco González* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiffs, appellants, intervened in an action pending in
the Municipal Court of Yabucoa between the defendant here-
in, Foix, as plaintiff, and the defendant herein, Machicote,
as defendant, claiming the ownership of certain real estate
attached as the property of Machicote, and obtained a judg-
ment from which Foix appealed to the District Court of
Humacao.

Upon the day. set for trial *de novo* in the district court,
plaintiff, appellant herein, appellee in the district court,
failed to appear, and the district court, upon motion of the
attorney for Foix, rendered judgment in his favor. Plain-
tiff, appellant herein, after having taken an appeal from
such judgment, abandoned it and, instead, applied to · the

district court for relief under section 140 of the Code of Civil Procedure. In support of this motion it was shown, among other things, that the attorney for plaintiff, appellant, finding it impossible to attend upon the date set for trial *de novo* in the district court, had telegraphed the attorney for Foix asking him to request the postponement of the case and had received the following reply: ''Send motion for continuance. I will acquiesce.'' Also that thereupon a stipulation for postponement of the case until further order was sent to the attorney for Foix.

The ruling of the court upon the motion to re-open the case is as follows:

''Plaintiffs herein, represented by their counsel, Antonio J. Amadeo, appeared before this court and moved that in view of the affidavit of merits accompanying their motion and of the provisions of section 140 of the Code of Civil Procedure, the court enter an order setting aside the judgment which was previously rendered by this court in the above-entitled case under date of March 13 of the current year.

''A day was set by the court for the hearing on this motion, and the parties agreed to submit the same to the consideration of the court by written briefs.

''From an examination of the record it appears that this was a case of intervention which originated in the municipal court of Yabucoa and came to this court on appeal, the plaintiffs, now movers, having failed to appear at the trial before this court. The court, following the law governing appeals taken from judgments of municipal courts, rendered judgment in favor of defendants by reason of the abandonment of the action by the plaintiffs. An appeal was taken from this judgment to the Supreme Court of Porto Rico and as soon as said appeal was filed in the said court by the plaintiffs, they moved the court to consider them as having abandoned the said appeal, whereupon the Supreme Court, on June 3rd, 1914, made an order to the effect that the plaintiffs had abandoned the appeal taken by them from the judgment rendered by this district court.

''In these circumstances the plaintiffs now appear and move this court to set aside its judgment of the 13th of March, 1914, from which they took an appeal to the Supreme Court. The adverse party, to wit, the defendants in the original action of intervention, oppose the granting by the court of the said motion and in view of all the

circumstances, this court is of the opinion that the law and the facts are. against the motion of the plaintiffs and that it should be dismissed, inasmuch as section 140 of the Code of Civil Procedure is not susceptible of such a liberal and broad interpretation as to permit it to modify a judgment after the same has been appealed from and affirmed by reason of the abandonment of the appeal by the appellants.

''For the foregoing reasons the court thinks that it should overrule the motion of the plaintiffs and it is so ordered.''

The California court in *Melde* v. *Reynolds,* 129 Cal. 308, construing section 473 of the California Code, from which our section 140 is taken, said:

"This is a remedial provision, and under the terms of section 4 of the same code, which require it to be liberally construed with a view to effect its objects and promote justice, is observed by disposing of causes upon their substantial merits, rather than with strict regard to technical rules of procedure. The discretion of the court ought always to be exercised in conformity with the spirit of the law, and in such manner as will subserve rather than impede or defeat the ends of justice, regarding mere technicalities as obstacles to be avoided rather than as principles to which effect is to be given in derogation of substantial right. *(Roland* v. *Kreyenhagen,* 18 Cal. 455; *Bailey* v. *Taaffe,* 29 Cal. 424; *Watson* v. *San Francisco, etc., R. R. Co.,* 41 Cal. 17.)''

See also *Nicoll* v. *Weldon,* 130 Cal. 666.

The first appeal ·taken by plaintiff, appellant, to which the district court refers, was evidently quite hopeless, and plaintiff, upon discovering his mistake, very properly abandoned the same and adopted the only practical course open to him in proceeding under section 140. Nor was he in anywise estopped in this regard by his mistake in first resorting to an appeal. The ruling cannot be sustained.

The theory of the court below ''that section 140 of the Code of Civil Procedure cannot be given such a broad and liberal interpretation as to permit the modification of a judgment after the same has been appealed from and affirmed by reason of the abandonment of such appeal by appellants''

is erroneous and subversive of the primary object and purpose of section 140, so clearly set forth in *Melde* v. *Reynolds, supra.*

Apparently the court did not exercise its discretion in consideration of the circumstances that prevented plaintiff from appearing at the time set for trial; and, if so, the ruling should be reversed. *Mas et al.* v. *Borinquen Sugar Co.,* 18 P. R. R. 1058. And if the court did take into consideration such circumstances, then we must hold that it abused its discretion in weighing the same; for no other rational conclusion can be drawn from the facts than that the plaintiff had no intention to make default and that his failure to appear was due to his understanding, and in all good faith he very well might have understood, that the trial would be postponed with the consent of the defendant. Such abuse of discretion would also be sufficient ground for reversal.

From whatever standpoint the ruling of the district court be regarded, therefore, it must be reversed and in lieu thereof an order should be entered vacating the judgment rendered and re-opening the case for further proceedings.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.