## HARRY F. BESOSA, Plaintiff,

### *v.*

## THE NORWICH UNION FIRE INSURANCE SOCIETY, Lmtd.

---

San Juàn, Law, No. 1301.

VERIFYING ANSWER.

Verification of Answer—Sub Judice.
> Where a defendant is verifying his answer in court, before action by the plaintiff, a subsequent motion to strike the answer will not be permitted.

Opinion filed August 20, 1919.

---

*Mr. G. B. Frazer* for plaintiff.

*Mr. Miguel Guerra* for defendant.

HAMILTON, Judge, delivered the following opinion:

In this case the evidence shows that defendant filed an answer on the last day allowed him, but did not verify it until the next

Besosa v. Norwich Union F. Ins. Soc.

morning. It was stated upon the argument, and not contradicted, although there is no affidavit on the subject, that defendant's agent was having the answer translated to him when the plaintiff's attorney came in and filed the motions now before the court, and immediately thereafter the agent signed the affidavit, making it a sworn answer to a sworn complaint. The motions are to strike the purported answer from the files and enter a default against the defendant under § 194, subdivision 2, Code of Civil Procedure, and, that having been done, to enter judgment by default and also a judgment for the plaintiff on the pleadings.

The object of all codes of procedure and the desire of all courts is to have a trial of issues on the merits. Melde v. Reynolds, 129 Cal. 308, 311, 61 Pac. 932; Roland v. Kreyenhagen, 18 Cal. 455, 457; Hayden v. Hayden, 46 Cal. 332. Technicalities which do not secure this may be disregarded, and amendment allowed either party where it would not work a surprise upon the other. Even technically it might be questioned whether the motions could be granted as it would seem that the clerk had first taken up the administration of the oath of the defendant's agent, and that the affidavit was being read over and translated for the purpose of signature. As it was after this that the plaintiff's motions were filed, it would seem that they come too late, as the making of the affidavit was already sub judice. However, under any reasonable view of the facts it would not appear that the plaintiff has been injured, and no reason appears why the verification of an answer which was otherwise filed in time should not be allowed.

It follows that justice require that the motions should be

Besosa v. Norwich Union F. Ins. Soc.

overruled, and that the amendment of the answer by adding verification be recognized.

It is so ordered.