[Civ. No. 1321.   Fourth Appellate District.—May 10, 1934.]

A. E. WRIGHT, Appellant, v. PETER NICHOLAS SNYDER, Respondent.

Brittan & Mack for Appellant.

Edward West for Respondent.

BARNARD, P. J.—A complaint was filed in this action on May 19, 1933. A demurrer, filed on June 12, 1933, was sustained. On July 20, 1933, an amended complaint was filed, service on July 19th being admitted by Edward West as attorney for defendant Peter Nicholas Snyder. The action was later dismissed as to the other defendants. The default of the defendant Peter Nicholas Snyder was entered on September 30, 1933, and on October 6, 1933, he filed a notice of motion to set aside this default, based upon the provisions of section 473 of the Code of Civil Procedure. From the order granting this motion the plaintiff has appealed.

It is well settled in this state that the setting aside of a default is a matter largely within the discretion of the trial court and that such an order will not be reversed unless

it clearly appears that there has been an abuse of this discretion. In *Nicoll* v. *Weldon,* 130 Cal. 666 [63 Pac. 63, 64], the general rules are thus summarized:

"The granting or denying a motion to set aside the default of a defendant is so largely a matter of discretion with the trial court that, unless it is clearly made to appear that there has been an abuse of this discretion, this court declines to set aside its order. Especially are we indisposed to review its action when it has set aside the default, and it does not appear that the plaintiff has sustained any prejudice thereby. This discretion of the court is best exercised when it tends to bring about a judgment upon the merits of the controversy between the parties. Section 473 of the Code of Civil Procedure is a remedial provision, and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a substantial defense to the action an opportunity to present it. (*Buell* v. *Emerich,* 85 Cal. 116 [24 Pac. 644]; *Harbaugh* v. *Honey Lake etc. Water Co.,* 109 Cal. 70 [41 Pac. 792]; *Melde* v. *Reynolds,* 129 Cal. 308 [61 Pac. 932].) It is for this reason that we more readily listen to an appeal from an order refusing to set aside a default, than where the motion has been granted, since in such case the defendant may be deprived of a substantial right, whereas it may be assumed, if nothing to the contrary is shown, that the plaintiff will be able at any time to establish his cause of action. If, for any reason, he will be unable to do so, that fact should be made to appear; but if he is merely subjected to delay or inconvenience by having the default set aside, he can be compensated therefor by the terms which the court will impose as the condition of granting the motion."

It appears from the affidavits considered at the hearing that the respondent is a resident of the city of San Marino; that when the original complaint was served upon him he came to Bakersfield and employed Edward West to represent him in the matter; that by mistake this attorney took down his address as 903 Atlantic Boulevard, Long Beach, when the address given him was 903 Atlantic Boulevard, Los Angeles; that this attorney entered into a verbal agreement with the attorneys for the appellant that an answer need not be filed until the same was demanded; that on August 9, 1933, West mailed a letter to the respondent at

903 Atlantic Boulevard, Long Beach, and the letter was returned unclaimed; that on August 19, 1933, being unable to learn the respondent's address, West mailed a letter to Williamson & Musick, attorneys at Los Angeles, who had been general attorneys for the respondent, but who had not been employed in this case; that in this letter he asked them to get in touch with the respondent and have him come to Bakersfield to assist in the drawing of an answer; that these Los Angeles attorneys wrote a letter to the respondent informing him that an amended complaint had been filed, that his Bakersfield counsel had arranged for all the time he needed in which to answer, and requesting him to go to Bakersfield at his first opportunity to confer with Mr. West concerning an answer to be filed. This letter was received at the respondent's office on August 21st, but the respondent was absent from his office practically all of the time from then to September 30th; that on Saturday, September 30, 1933, the respondent, for the first time, saw the letter written by the Los Angeles attorneys; that on that day he called Mr. West on the telephone and was informed by him that it would be all right if he saw his Los Angeles attorneys and prepared an answer on Monday morning and had the same in Mr. West's hands on Tuesday morning; and that on Monday morning the respondent was informed by the Los Angeles attorneys that a default had been entered on Saturday. It also appears that in the meantime the attorneys for the appellant, on September 8, 1933, had written to West as follows: ''Will you please file your answer within the next ten days?''; that on September 29, 1933, and before the entry of the default, one of these attorneys phoned to Mr. West and asked him if an answer had been filed or was in the process of preparation; that West informed him that he had written to Williamson & Musick and that they had not yet sent up any answer although he believed they were desirous of preparing one; that thereupon this attorney informed Mr. West that their client was demanding the entry of the default and that the same would be entered that day or the next ''if said client insisted upon it''; and that the default was entered the next day.

Other facts appear which are even more favorable to the appellant than those recited above, but any conflicts must be taken to have been resolved against the appellant by the trial

court. Assuming that some of the facts indicate a neglect which was not excusable and further assuming that the trial court could, under the evidence, have decided the motion the other way, we are of the opinion that it cannot be held that an abuse of discretion is so clearly shown as to require a reversal. It appears that the respondent at all times desired to file an answer, that he was arranging to do so the very day default was entered, and that he acted promptly when the matter was finally brought to his attention. While there are a number of things to indicate that more diligence could well have been used in bringing the matter to his attention, it is also true that the mistake in recording the address of the respondent and the necessity for trying to communicate with him through other parties contributed to the delay. It appears that someone in the respondent's office failed to bring to his attention the letter from the Los Angeles attorneys, which arrived during his absence, because of the statement contained therein to the effect that the respondent might have all the time he needed in which to answer the amended complaint. While this statement was a little too broad, it was in part justified by the verbal understanding between the attorneys. The written demand that an answer be filed made on September 8th was not very positive in its nature and the matter was allowed to rest for some three weeks thereafter, and the final telephone conversation on September 29th, in itself, contained an element of uncertainty. There is no showing that the appellant has lost any substantial right and there is no claim of injury other than the inconvenience of having the default set aside. Under all of the circumstances, the matter was within the sound discretion of the trial court and an abuse of that discretion is not clearly shown.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.